## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| RAHUL MALHOTRA, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No: 21-CV-2220** |
| | ) | |
| v. | ) | |
| | ) | **Hon. James E. Shadid** |
| | ) | **Magistrate Jonathan E. Hawley** |
| UNIVERSITY OF ILLINOIS | ) | |
| URBANA-CHAMPAIGN, through the | ) | |
| Board of Trustees (in their official capacity); | ) | |
| RONY DIE (in his official and individual | ) | |
| Capacity); and DOES 1-30 (in their official | ) | |
| and individual capacity), | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### PURSUANT TO RULES 12(b)(1) AND 12(b)(6)[1]

Defendants Board of Trustees of the University of Illinois ("Board"), and Rony Die ("Die")

(together, "Defendants"), by and through their counsel, respectfully move to dismiss Plaintiff's

Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In

support of this Motion, Defendants have filed a supporting memorandum and state as follows:

1.      Plaintiff Rahul Malhotra ("Plaintiff") is an undergraduate student at the University

of Illinois Urbana-Champaign ("UIUC") who was dismissed for two semesters after UIUC

---

[1] This motion is filed on behalf of Defendants Board of Trustees of the University of Illinois and Rony Die, in his official and individual capacity. Plaintiff's Complaint and other court filings also name "Does 1-30" as purported defendants, but does not otherwise identify such people, nor has service been completed on any defendant other than the Board or Die. The Complaint states only that "Does 1-30 are members of UI staff that served as members of the subcommittee" that adjudicated Plaintiff's discipline but does not allege that they are unidentifiable or otherwise unknown to Plaintiff. Compl. ¶6.

determined, after an investigation, hearing, and appeals process, that Plaintiff was responsible for violations of UIUC's Student Code.  Specifically, UIUC determined that Plaintiff was responsible for his role in "hosting" a party on the night of January 29, 2021 at the fraternity house where he was living in violation of the UIUC's Chancellor's Order to avoid social gatherings and other nonessential activities and Champaign County's COVID-19 Emergency Order.

2.      Plaintiff received written notice of the charges against him on February 5, 2021, and then appeared and testified on his own behalf at hearing on the charges held before a subcommittee of UIUC staff.  On March 26, 2021, Plaintiff was notified that the subcommittee had found him responsible for violating UIUC's Student Code and that he was dismissed from UIUC for two semesters (Spring 2021 and Fall 2021).  Plaintiff appealed the subcommittee's decision.  On April 14, 2021, Plaintiff's appeal was denied and the decision against him was upheld.

3.      On August 17, 2021, Plaintiff filed this Complaint against UIUC and Die alleging that UIUC's dismissal decision violated his Constitutional due process rights and seeking monetary, declaratory, and injunctive relief.   He alleges that as a result of the dismissal, he has suffered severe emotional distress as well as threats to his chosen career in academia.  Plaintiff's due process claim fails as a matter of law.

4.      First, Plaintiff's due process claim against the Board and his claim for monetary and punitive damages against Die in his official capacity must be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).  The Board cannot be sued under 42 U.S.C. § 1983 because it is not a "person" within the meaning of that statute and must be dismissed as for this reason alone.  *See Carmody v. Bd. of Trs. of the Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018); *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014).

HB: 4887-6571-8789.1

5.      Plaintiff's Due Process claim against the Board is also barred by the doctrine of Eleventh Amendment sovereign immunity.  *See Council 31 of AFSCME v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012); *Carmody*, 893, F.3d at 403.  Further, with regard to Plaintiff's claim against Die in his official capacity – pursuant to the *Ex parte Young* doctrine, such a claim is permitted *only* for prospective injunctive relief to enjoin an ongoing violation of federal law.  *See Doe v. Bd. of Trs. of the Univ. of Illinois et al.*, No. 19-cv-1107, slip op. at 17 (C.D. Ill. Oct. 26, 2020).  Thus, Plaintiff's official-capacity claim against Die for compensatory and punitive damages is barred by the Eleventh Amendment and must also be dismissed under Rule 12(b)(1).  *See id.*; *Mutter*, 17 F. Supp. 3d at 758.

6.      Plaintiff's Due Process claim must also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  To state a procedural Due Process claim, (1) Plaintiff must allege that he was deprived of a cognizable property or liberty interest, and (2) if he does so, Plaintiff must also sufficiently allege that the procedures by which he was deprived of that interest did not satisfy constitutional requirements.  *Doe v. Purdue Univ.*, 928 F.3d 652, 659 (7th Cir. 2019).  Plaintiff fails to allege either of these elements with respect to his dismissal from UIUC.

7.      First, Plaintiff does not allege a viable cognizable property interest.  Under Seventh Circuit precedent, a public university student does not have a stand-alone property interest in his education.  *See Purdue*, 928 F.3d at 659-60; *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013).  Instead, in the higher education setting, to establish a property interest, Plaintiff must establish that he had a contract with UIUC that entitled him to a specific right that UIUC allegedly violated.  *Purdue*, 928 F.3d at 660.  The Complaint is devoid of any allegations even suggesting that UIUC breached a specific contractual promise to Plaintiff with

3

respect to his discipline, much less any allegations that identify any such promise(s) with specificity.  Plaintiff accordingly fails to identify a cognizable property interest.

8.      Plaintiff also fails to identify a cognizable liberty interest.  To state a claim for deprivation of occupational liberty, a plaintiff must satisfy a "stigma-plus test" by alleging (1) that the state disclosed information that damaged his reputation, (2) that the reputational harm made it "virtually impossible" for him to find employment in his chosen profession, and (3) that his legal status was altered, depriving him of a previously held right.  *See Doe v. Trs. of Indiana Univ.*, 496 F. Supp. 3d 1210, 1216 (S.D. Ind. 2020) (citing *Purdue*, 928 F.3d at 661).  The publication requirement of the stigma-plus test is met when disclosure of damaging information is (1) "compelled," (2) "certain," and (3) "not self-published."  *Id.* (citing *Purdue*, 928 F.3d at 662). Here, Plaintiff asserts only that he suffered "emotional injury, humiliation, as well as a serious setback to Plaintiff's desired career in academia," Compl. ¶ 39, which is insufficient to satisfy the stigma-plus test.

9.      Moreover, even if the Court were to determine that Plaintiff had alleged a cognizable property or liberty interest, Plaintiff's due process claim also fails because he has not alleged any actionable deprivation of any such interest.  Courts have found that the Due Process Clause is satisfied where, as here, an accused student receives notice of the charges, an explanation of the evidence against him, and an opportunity to present his side of the story.  *Purdue*, 928 F.3d at 663; *see Doe v. Cummins*, 662 F. App'x 437, 446 (6th Cir. 2016).  Here, Plaintiff's own allegations establish that UIUC afforded him sufficient process with respect to his dismissal, including receiving a written February 5, 2021 Charge Notice that included the relevant provisions of the Student Code, specific references to UIUC COVID-19 directives, the date of the alleged violations, the alleged conduct that formed the basis of the charges, and a statement clarifying he

4

was accused of hosting "a party in violation of Chancellor's Order to avoid social gatherings and other nonessential activities" and the Emergency Order. Plaintiff also had the opportunity to attend and participate in the hearing before the subcommittee on these charges, including speaking on his own behalf to present his defense and respond to questions by the subcommittee, and to appeal the subcommittee's decision. In sum, Plaintiff's own allegations establish that he received notice of the charges, an explanation of the evidence against him, and an opportunity to present his side of the story, and thus fail to establish a deprivation of a constitutionally protected property or liberty interest. Plaintiff's due process claim also must therefore be dismissed pursuant to Rule 12(b)(6) for this separate and independent reason.

10.     Finally, Plaintiff's purported individual-capacity claim against Die must be dismissed under Rule 12(b)(6) both for the reasons stated above and because Die is entitled to qualified immunity.

11.     To assert an individual capacity claim, Plaintiff must allege (1) the official violated a constitutional right (2) that was clearly established at the time of the alleged violation, such that a reasonable public official would have known that his conduct was unlawful. *See Sonnleitner v York*, 304 F.3d 704, 716 (7th Cir. 2002). As discussed above and in Defendants' supporting memorandum, Plaintiff has not alleged a cognizable property or liberty interest of which he was deprived with respect to his dismissal, much less an interest that was "clearly established." Even if he had, Plaintiff has not alleged that he was deprived of any such interest without due process. Plaintiff thus fails to allege that Die caused or participated in the violation of any clearly established constitutional right, and Die is accordingly entitled to qualified immunity. *See id.*; *Vose v. Kliment*, 506 F.3d 565, 568-72 (7th Cir. 2007) (granting motion to dismiss individual-capacity claims based on qualified immunity).

HB: 4887-6571-8789.1

12.     Accordingly, for the reasons stated above and in Defendants' supporting memorandum, Plaintiff's Complaint must be dismissed with prejudice in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

Dated: December 1, 2021

Respectfully submitted,

Defendants Board of Trustees of the University of Illinois and Rony Die,

By:     /s/ Peter G. Land
            One of their Attorneys

Peter G. Land (Lead Counsel) #6229659
Gwendolyn B. Morales #6297233
Husch Blackwell LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500
Peter.Land@huschblackwell.com
Gwendolyn.Morales@huschblackwell.com

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 1st day of December 2021, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all the following:

> The Law Office of Keith Altman
> Keith Altman
> 33228 West 12 Mile Road, Suite 375
> Farmington Hills, MI 48334
> T: (516) 456-5885
> keithaltman@kaltmanlaw.com

/s/ Peter G. Land

7

HB: 4887-6571-8789.1