UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAHUL MALHOTRA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>UNIVERSITY OF ILLINOIS )<br>URBANA-CHAMPAIGN, through the )<br>Board of Trustees (in their official capacity); )<br>RONY DIE (in his individual capacity); )<br>and DOES 1-30 (in their individual )<br>capacity), )<br>)<br>Defendants. ) | Case No: 21-CV-2220<br><br>Hon. Joe Billy McDade<br>Magistrate Jonathan E. Hawley |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO RULES 12(b)(1) AND 12(b)(6)[1]**

Defendants Board of Trustees of the University of Illinois ("Board"), and Rony Die ("Die") (together, "Defendants"), by and through their counsel, respectfully move to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants have filed a supporting memorandum and state as follows:

---

[1] This motion is filed on behalf of Defendants Board of Trustees of the University of Illinois and Rony Die, in his individual capacity. Plaintiff's Amended Complaint and other court filings also name "Does 1-30" as purported defendants, but does not otherwise identify such people, nor has service been completed on any defendant other than the Board or Die. The Amended Complaint states only that "Does 1-30 are members of UI staff that served as members of the subcommittee" that adjudicated Plaintiff's discipline but does not allege that they are unidentifiable or otherwise unknown to Plaintiff. Am. Compl. ¶ 7.

1.      Plaintiff Rahul Malhotra ("Plaintiff") is an undergraduate student at the University of Illinois Urbana-Champaign ("UIUC") who was dismissed for two semesters after UIUC determined, after an investigation, hearing, and appeals process, that Plaintiff was responsible for violations of UIUC's Student Code. Specifically, UIUC determined that Plaintiff was responsible for his role in "hosting" a party on the night of January 29, 2021 at the fraternity house where he was living in violation of the UIUC's Chancellor's Order to avoid social gatherings and other nonessential activities and Champaign County's COVID-19 Emergency Order.

2.      Plaintiff received written notice of the charges against him on February 5, 2021, and then appeared and testified on his own behalf at a hearing on the charges held before a subcommittee of UIUC staff. On March 26, 2021, Plaintiff was notified that the subcommittee had found him responsible for violating UIUC's Student Code and that he was dismissed from UIUC for two semesters (Spring 2021 and Fall 2021). Plaintiff appealed the subcommittee's decision. On April 14, 2021, Plaintiff's appeal was denied and the decision against him was upheld.

3.      On August 17, 2021, Plaintiff filed his initial Complaint against UIUC and Die alleging that UIUC's dismissal decision violated his Constitutional due process rights and seeking monetary, declaratory, and injunctive relief.

4.      On December 1, 2021, Defendants filed a motion and supporting memorandum seeking dismissal of the Complaint on jurisdictional and substantive grounds, including that: (a) sovereign immunity barred the Due Process claim against the Board and any official-capacity claim against Die for monetary damages; and (b) the Complaint failed to state a viable Due Process claim because it failed to identify a cognizable property or liberty interest and failed to allege deprivation of such an interest without due process. Because the Complaint referenced but did not attach a disciplinary charge letter that Plaintiff received and COVID-19 mandates from UIUC and

the City of Champaign referenced in that charge letter, the memorandum attached and referenced specifics from those documents that clearly show that Plaintiff was notified of the charges against him. Combined with Plaintiff's own allegations establishing his multiple "opportunities to be heard," it was clear under Seventh Circuit law that the Complaint needed to be dismissed under Rule 12(b)(1) and Rule 12(b)(6).

5. Instead of addressing these arguments or adjusting his allegations to confront key facts and legal deficiencies, on January 5, 2022, Plaintiff filed an Amended Complaint that strengthens the reasons requiring dismissal, this time with prejudice. This revised pleading continues to violate sovereign immunity standards that bar suit against State of Illinois entities in federal court, fails to satisfy clear standards required to seek injunctive relief against public entities, and reduces claims against Die to only his personal capacity that cannot survive basic judicial scrutiny. The Amended Complaint also continues to ignore facts placed at issue by Plaintiff's own allegations revealing he received all "notice" and "opportunity to be heard" required by Due Process concerns and clarifies that the "reinstatement" remedy Plaintiff seeks from this Court is moot because he re-enrolled at UIUC in January 2022.

6. More specifically, Count I of the Amended Complaint attempts to pursue a Due Process claim against the Board but must be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1). The Board cannot be sued under 42 U.S.C. § 1983 because it is not a "person" within the meaning of that statute and must be dismissed as for this reason alone. *See Carmody v. Bd. of Trs. of the Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018); *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Plaintiff's Due Process claim against the Board is also barred by the doctrine of Eleventh Amendment sovereign immunity. *See Council 31 of AFSCME v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012); *Carmody*, 893, F.3d at 403.

7.      Count II attempts to assert a Due Process claim against Die, but only in his individual capacity, which dooms Plaintiff's attempt to obtain injunctive relief from Die as a matter of law. *See Council 31* at 882; *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002) (a plaintiff may only pursue a claim for equitable relief by seeking prospective injunctive relief to enjoin an ongoing violation of federal law by suing a state official in his *official* capacity).

8.      Moreover, both Counts I and II must also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, as the Amended Complaint failed to cure any substantive pleading deficiencies. To state a procedural Due Process claim, (1) Plaintiff must allege that he was deprived of a cognizable property or liberty interest, and (2) if he does so, Plaintiff must also sufficiently allege that the procedures by which he was deprived of that interest did not satisfy constitutional requirements. *Doe v. Purdue Univ.*, 928 F.3d 652, 659 (7th Cir. 2019). Plaintiff fails to allege either of these elements with respect to his dismissal from UIUC.

9.      First, Plaintiff does not allege a viable cognizable property interest.[2] Under Seventh Circuit precedent, a public university student does not have a stand-alone property interest in his education. *See Purdue*, 928 F.3d at 659-60; *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013). Instead, in the higher education setting, to establish a property interest, Plaintiff must establish that he had a contract with UIUC that entitled him to a specific right that UIUC allegedly violated. *Purdue*, 928 F.3d at 660. The Amended Complaint cites to § 1-301(i) of UIUC's Student Code, which provides that UIUC will apply its disciplinary process to alleged violations of student discipline. Yet Seventh Circuit precedent makes clear that such an alleged contractual promise to apply a university process does not establish a constitutional property interest. *See Charleston*, 741 F.3d at 773-74.

---

[2] The Amended Complaint also does not attempt to assert any liberty interest, clarifying that Plaintiff is asserting that UIUC deprived him only of an alleged property interest in his education. Am. Compl. ¶¶ 3, 43, 45, 51, 54, 63.

10. Moreover, even if the Court were to determine that Plaintiff had alleged a cognizable property interest, Plaintiff's due process claim also fails because he has not alleged any actionable deprivation of any such interest. Courts have found that the Due Process Clause is satisfied where, as here, an accused student receives notice of the charges, an explanation of the evidence against him, and an opportunity to present his side of the story. *Purdue*, 928 F.3d at 663; *see Doe v. Cummins*, 662 F. App'x 437, 446 (6th Cir. 2016). Here, Plaintiff's own allegations establish that UIUC afforded him sufficient process with respect to his dismissal, including receiving a written February 5, 2021 Charge Notice that included the relevant provisions of the Student Code, specific references to UIUC COVID-19 directives, the date of the alleged violations, the alleged conduct that formed the basis of the charges, and a statement clarifying he was accused of hosting "a party in violation of Chancellor's Order to avoid social gatherings and other nonessential activities" and the Emergency Order. Plaintiff also had the opportunity to attend and participate in the hearing before the subcommittee on these charges, including speaking on his own behalf to present his defense and respond to questions by the subcommittee, and to appeal the subcommittee's decision. In sum, Plaintiff's own allegations establish that he received notice of the charges, an explanation of the evidence against him, and an opportunity to present his side of the story, and thus fail to establish a deprivation of a constitutionally protected property interest. Plaintiff's due process claims must therefore be dismissed pursuant to Rule 12(b)(6) for this separate and independent reason.

11. Finally, Plaintiff's claim for damages against Die must be dismissed under Rule 12(b)(6) for the reasons stated above, because Plaintiff does not allege that Die had any role in the alleged deprivation of his alleged property interest, and because Die is entitled to qualified immunity.

12. To assert an individual capacity claim, Plaintiff must allege the official violated a constitutional right that was clearly established at the time of the alleged violation, such that a reasonable public official would have known that his conduct was unlawful. *See Sonnleitner v York*, 304 F.3d 704, 716 (7th Cir. 2002). As discussed above and in Defendants' supporting memoranda seeking dismissal of both the Complaint and the Amended Complaint, Plaintiff has not alleged a cognizable property interest of which he was deprived with respect to his dismissal, much less an interest that was "clearly established." Even if he had, Plaintiff has not alleged that he was deprived of any such interest without due process. Plaintiff also has not alleged that Die had any role in the deprivation of such interest. Plaintiff thus fails to allege that Die caused or participated in the violation of any clearly established constitutional right, and Die is accordingly entitled to qualified immunity. *See id.*; *Vose v. Kliment*, 506 F.3d 565, 568-72 (7th Cir. 2007) (granting motion to dismiss individual-capacity claims based on qualified immunity).

13. Accordingly, for the reasons stated above and in Defendants' supporting memorandum, Plaintiff's Amended Complaint must be dismissed with prejudice in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

Dated: January 28, 2022

Respectfully submitted,

Defendants Board of Trustees of the University of Illinois and Rony Die,

By: /s/ Peter G. Land
      One of their Attorneys

Peter G. Land (Lead Counsel) #6229659
Gwendolyn B. Morales #6297233
Husch Blackwell LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500
Peter.Land@huschblackwell.com
Gwendolyn.Morales@huschblackwell.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 28th day of January, 2022, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all the following:

>The Law Office of Keith Altman
>Keith Altman
>33228 West 12 Mile Road, Suite 375
>Farmington Hills, MI 48334
>T: (516) 456-5885
>keithaltman@kaltmanlaw.com

>/s/ Peter G. Land

HB: 4875-1586-7915.1