E-FILED
Friday, 25 February, 2022  08:08:26 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** | **CASE NO. 21-CV-2220** |
| *Plaintiff,* | **Hon. James E. Shadid** |
| **v.** | **Mag. Jonathan E. Hawley** |
| **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, Through the Board of Trustees (in their official capacity); RONY DIE (in his personal capacity); DOES 1-30 (in their personal capacity);** | ***CORRECTED* FIRST AMENDED COMPLAINT FOR VIOLATION OF DUE PROCESS** |
| *Defendants.* | |

NOW COMES Plaintiff, Rahul Malhotra, by and through his attorney, The Law Office of Keith Altman, and filing his Corrected First Amended Complaint against Defendants, removing inadvertently embedded attorney work product, and hereby states the following:

## BACKGROUND

1. This action is seeking declaratory and injunctive against Defendant University of Illinois at Urbana-Champaign ("Defendant UI" or "UI")

for violations of 42 U.S.C.S. § 1983. This action also seeks monetary damages against Defendant Rony Die and Defendants Doe 1-30, in their personal capacity, for violations of Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution,

2. On February 9, 2021, Plaintiff was wrongly accused of misconduct stemming from a party that took place on January 29, 2021, at a house where Plaintiff was staying. This party took place without Plaintiff's involvement. Despite having a right to a fair and impartial investigation of the claims, Plaintiff was denied due process during a deeply flawed investigation and adjudicatory process. On March 26th, 2021, Plaintiff was found guilty of the misconduct claims against him, and Plaintiff was summarily dismissed from UI for two semesters.

3. As a result of Defendants violating Plaintiff's right to due process, Plaintiff has suffered a serious violation of his property interest in his education, as well as severe emotional distress.

## PARTIES

4. Plaintiff Rahul Malhotra ("Malhotra" or "Plaintiff") is a citizen and domiciliary of the State of Illinois. Plaintiff is a student at UI and has been wrongfully dismissed from UI for alleged misconduct.

5. UI is an institution of higher education duly organized and existing under the laws of the State of Illinois as an Illinois not-for-profit corporation. UI is governed through their Board of Trustees.

6. Defendant Rony Die was employed by UI as the Assistant Dean of Students at all times relevant to this action.

7. Does 1-30 are members of UI staff that served as members of the subcommittee formed to evaluate Plaintiff's responsibility for various alleged student code violations.

8. Defendant Rony Die and Does 1-30 will be jointly addressed as "Individual Defendants".

## JURISDICTION & VENUE

9. This action arises under the laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

10.   This Court also has jurisdiction pursuant to 42 U.S.C. § 1983, which prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

11.   This action is properly venued in the Urbana Division of the Central District of Illinois because the defendant is located within the division and a significant portion of the events occurred within the division.

## FACTS

12.   On January 29th, 2021, Plaintiff was living at the Alpha Iota Omicron fraternity house. He was an inactive member of the fraternity.

13.   Plaintiff was subleasing his room on the first floor of the Alpha Iota Omicron fraternity house. He moved in a few days before January 29, 2021. He did not sign a lease.

14.   Rahul was told by other tenants that there would be a small party on the night of January 29, 2021, Plaintiff had a job as a caretaker for senior citizens and was thus vigilant about the risks of contact with persons who might be sources of the virus. Due to the

success of the school's testing program, Plaintiff had been able to return to campus during weekdays and left the fraternity residence only for essential activities such as getting groceries, getting tested, and going to work out.

15.    For these reasons, Plaintiff expressed concerns to those tenants about having a party during the pandemic. He was told that this event would be strictly limited to the number of people that were allowed to attend according to university COVID restrictions. He was assured that no one attending would be allowed entry without confirmation of a negative COVID test. He was also assured that no one attending would be allowed entrance without wearing a mask.

16.    Plaintiff did not plan, host, or organize the event.

17.    On January 29th, 2021, Plaintiff started studying and doing homework around 10:00 pm. He put on his headphones to listen to lectures and was unable to hear anything over the sound of the recordings.

18.    Around 12:20 am, Plaintiff heard someone knocking loudly on his door. His roommate, Raj, informed him that there were loud noises

coming from the second floor and Plaintiff heard people walking up and down the stairs.

19. For the first time, Plaintiff could hear sounds coming from the party that was occurring on the higher floors. Plaintiff left his room to shut down the party.

20. Plaintiff saw a few people on the stairway, and he informed them to wear their masks and to leave immediately because they were trespassing.

21. Plaintiff walked up to the second floor where he saw many people in the kitchen area, common area, and inside rooms. Plaintiff turned off the music on the second floor and promptly told attendees to gather their belongings and leave the premises.

22. Plaintiff went to the third floor to tell other attendees they needed to leave. While on the third floor, Plaintiff was informed that campus patrol and police were outside.

23. Several people Plaintiff spoke to refused to leave the third floor because they did not want the police to take down their names. Plaintiff told them it would be best if they left so they wouldn't have problems with the police.

24. While Plaintiff was speaking with them, a police officer entered the room.

25. The police officer asked if everyone lived on the third floor. Plaintiff responded he did not and was told by the officer to go downstairs. He did so.

26. On the first floor, Plaintiff saw a young lady, Muskaan, intoxicated on the staircase outside the first floor telling EMS she didn't need medical attention. The EMS and Muskaan's friend, Riya Patel, were trying to get Muskaan to regain a conscious state.

27. An officer asked Plaintiff to call Muskaan an Uber back to her dorm. Plaintiff paid for the Uber ride.

28. After directing Muskaan, her friend, and the officer to the Uber, Plaintiff went upstairs. When upstairs, Plaintiff saw Raj and Rafi talking to the police and answering questions concerning which residents were on the lease.

29. The officer thanked Plaintiff for being cooperative and told Plaintiff to write down his contact information because Plaintiff could be a witness to the events and might be able to assist them with any future investigation.

30. The following week, Raj, Rafi, and Plaintiff were accused of "hosting" the party. Plaintiff was charged with three violations of the UI code of conduct:

    A. *Student Code/1-302.g: Providing false or misleading information to a member or agent of the University acting in the performance of his or her duty, or failing to comply with reasonable directions of a member or agent of the University acting in the performance of his or her duty.*

    B. *Student Code/1-307.a.2: No student may give or otherwise furnish alcoholic beverages to any person under twenty-one years of age. Additionally, no student may authorize or permit a residence which he or she occupies to be used for possession or consumption of alcohol by any person under twenty-one years of age.*

    C. *Student Code/1-302.a.3: Conduct that threatens the health or safety of any person, including but not limited to reckless disregard for the health or safety of any person.*

31. Mr. Rony Die (Dean of UI) contacted Plaintiff the week after the event. Plaintiff told Dean Die what happened that night, who Plaintiff

**CORRECTED**
**FIRST AMENDED COMPLAINT**    - 8 -    **CASE NO. 21-CV-2220**

had spoken with that night, along with proof that Plaintiff has been working on homework which he had submitted as described hereinabove.

32.    Plaintiff was completely truthful with Dean Die and cooperated fully to the best of his knowledge.

33.    After meeting with Dean Die, Plaintiff was notified he would be sent to a subcommittee of UI staff to decide if he was guilty, or innocent of charges placed against him.   Plaintiff subsequently testified in his defense at the subcommittee hearing.

34.    After he gave his statement, Plaintiff was asked by the subcommittee how he was unable to hear the noise of the party going on. Plaintiff responded that the headphones he was wearing were noise canceling.

35.    The subcommittee also asked why Plaintiff didn't step in earlier to stop the event. Plaintiff responded he was unaware it was occurring before he heard Raj knock on the door. He also explained that when he did find out, he did everything he could to stop the event.

36.     On March 26th, 2021, Plaintiff was informed via email that the subcommittee had found him guilty on all three counts.  This email contained no justification for the subcommittee's decision that connected Plaintiff's behavior to the specific charges levied against him.  Thus, Plaintiff could only guess as to what alleged behavior coincided with the specific charges against him.

37.     Dean Die told Plaintiff that the subcommittee made its decision based on the mistaken belief that Plaintiff was a signatory on the lease and therefore had legal responsibility for the actions of guests on the premises. Plaintiff responded that he had never been a signatory on the lease, but Dean Die did nothing to change the outcome.

38.     Plaintiff submitted an appeal to the subcommittee's decision. Within his appeal, Plaintiff attached a copy of the 2020-2021 lease for the house he was staying in on the day of the party on January 29th, 2021.  Plaintiff's name is clearly absent from the lease, conclusively demonstrating that Plaintiff was not a signatory on the lease.

39.     Despite receiving this additional information, on April 14th, 2021, the charges against Plaintiff were upheld.

40.     As punishment for being found guilty, Plaintiff was dismissed from the university for two semesters.

41.     As a result of his punishment and dismissal for actions he did not commit, Plaintiff has suffered severe emotional distress as well as serious threats to his chosen career in academia.


## CAUSES OF ACTION


### FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments- Due Process
### (Against Defendant UI)

42.     Plaintiff incorporates by reference Paragraphs 12-41 of this Complaint as if fully copied and set forth at length herein.

43.     Plaintiff has a property interest in his undergraduate education via a contract that Plaintiff entered into with Defendant UI. Under § 1-301(i) of said contract, Plaintiff was entitled to receive adequate due process in case Plaintiff was ever in a disciplinary proceeding.

44.   The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

45.   As such, given that Plaintiff's property interest was at stake, Plaintiff was entitled to a fair and impartial hearing regarding his actions in accordance with UI policies concerning misconduct. Accordingly, Plaintiff was entitled to a fair disciplinary process with a systematic method for evaluating Plaintiff's actions and clear standards of culpability with respect to the specific student code violations levied against Plaintiff.   Anything less amounts to an arbitrary disciplinary process subject only to the whims of the subcommittee members.

46.   In other words, Plaintiff had a right to understand why he was being accused of the specific student code violations being levied against him, what methods or process the subcommittee would use to evaluate Plaintiff's culpability, and in the event of being found responsible, Plaintiff had a right to know why his actions conformed to the specific student code violations levied against him.

47.   The disciplinary process that Plaintiff was subjected to by the UI subcommittee members was devoid of due process and completely arbitrary at every stage.

48.   Plaintiff was charged with three separate and specific violations of the UI student code. Defendant UI completely failed to respect Plaintiff's due process rights with respect to each charge:

a) *Student Code/1-302.g: Providing false or misleading information to a member or agent of the University acting in the performance of his or her duty, or failing to comply with reasonable directions of a member or agent of the University acting in the performance of his or her duty.*

    i.   On February 5th, 2021, when Plaintiff was initially charged, Defendant UI completely failed to explain the basis of this charge.  Defendant UI did not specify which "member or agent of the University" this charge was referring to.  Furthermore, the Defendant UI did not provide any indication as to what "false or misleading information" Plaintiff allegedly provided.  Plaintiff was left to simply guess at the basis for this charge.

    *ii.* At no time was Plaintiff ever informed how the UI subcommittee was going to evaluate Plaintiff's guilt with respect to this charge.

    *iii.* On March 26th, 2021, Plaintiff was found guilty of this charge with no explanation of how Plaintiff's actions coincided with this charge.

b) *Student Code/1-307.a.2: No student may give or otherwise furnish alcoholic beverages to any person under twenty-one years of age. Additionally, no student may authorize or permit a residence which he or she occupies to be used for possession or consumption of alcohol by any person under twenty-one years of age.*

    *i.* On February 5, 2021, when Plaintiff was initially charged, Defendant UI completely failed to explain the basis of this charge. Defendant UI made no effort to explain how Plaintiff's actions might constitute "give[ing] or otherwise furnish[ing]" alcoholic beverages to a minor. Nor did Defendant UI explain how Plaintiff's actions might constitute "authorize[ing] or permit[ing]" his residence to

be used by minors to consume alcohol. In other words, Defendant UI completely failed to explain how Plaintiff allegedly violated this student code provision. Instead, Defendant UI simply alleged that one underage person had been found intoxicated at Plaintiff's house.

ii.   Plaintiff repeatedly explained to Defendant UI that his name was not on the lease of the house at the time of the incident. Despite this, on March 26th, 2021, Plaintiff was found guilty of this charge with no explanation of how Plaintiff's actions coincided with this charge. Dean Rony Die confirmed to Plaintiff that Plaintiff had been responsible for this violation based on a mistaken belief that Plaintiff was on the lease at the time of the incident. When the subcommittee made its decision, UI knew or should have known that Plaintiff was never a signatory on the lease and therefore had no legal responsibility for the actions of guests on the premises. The individual defendants did nothing to change the outcome.

iii.    Despite providing conclusive photo evidence that Plaintiff's name was not on the lease at the time of the incident, Defendant UI rejected Plaintiff's appeal on April 14th, 2021, with no explanation as to why this evidence was insufficient.

c)  *Student Code/1-302.a.3: Conduct that threatens the health or safety of any person, including but not limited to reckless disregard for the health or safety of any person.*

i.    On February 5, 2021, when Plaintiff was initially charged, Defendant UI completely failed to explain the basis of this charge. Defendants failed to explain how Plaintiff's alleged conduct "threatens health or safety".

ii.    At no time was Plaintiff ever informed how the UI subcommittee was going to evaluate Plaintiff's guilt with respect to this charge.

iii.    On March 26, 2021, Plaintiff was found responsible for this charge with an explanation as to how Plaintiff's behavior coincided with this charge. Dean Rony Die simply informed Plaintiff that the subcommittee had determined

that Plaintiff had "hosted a fraternity event" on January 29, 2021.  No attempt was made to explain how the subcommittee came to this conclusion.

49.   As a direct and proximate result of Defendant UI actions, Plaintiff continues to suffer an ongoing violation of his due process rights.

## SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments- Due Process
**(Against Defendants Rony Die and Does 1-30 in their personal capacity)**

50.   Plaintiff incorporates by reference Paragraphs 12-41 of this Complaint as if fully copied and set forth at length herein.

51.   Plaintiff has a property interest in his undergraduate education via a contract that Plaintiff entered into with UI. Under § 1-301(i) of said contract, Plaintiff was entitled to receive adequate due process in case Plaintiff was ever in a disciplinary proceeding.

52.   At all relevant times, the Individual Defendants 1-30 were employed by UI and were agents of UI.

53.   The Fifth and Fourteenth Amendments of the U.S. Constitution provide, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

54.   As such, given that Plaintiff's property interest was at stake, Plaintiff was entitled to a fair and impartial hearing regarding his actions in accordance with UI policies concerning misconduct. Accordingly, Plaintiff was entitled to a fair disciplinary process with a systematic method for evaluating Plaintiff's actions and clear standards of culpability with respect to the specific student code violations levied against Plaintiff.  Anything less amounts to an arbitrary disciplinary process subject only to the whims of the subcommittee members.

55.   In other words, Plaintiff had a right to understand why he was being accused of the specific student code violations being levied against him, what methods or process the members of the subcommittee would use to evaluate Plaintiff's culpability, and in the event of being found responsible, Plaintiff had a right to know why his actions conformed to the specific student code violations levied against him.

56.   The disciplinary process that Plaintiff was subjected to by Individual Defendants was devoid of due process and completely arbitrary at every stage.

57.   Plaintiff was charged with three separate and specific violations of the UI student code. The Individual Defendants completely failed to respect Plaintiff's due process rights with respect to each charge:

   d) *Student Code/1-302.g: Providing false or misleading information to a member or agent of the University acting in the performance of his or her duty, or failing to comply with reasonable directions of a member or agent of the University acting in the performance of his or her duty.*

      i.   On February 5, 2021, when Plaintiff was initially charged, the Individual Defendants completely failed to explain the basis of this charge.  The Individual Defendants did not specify which "member or agent of the University" this charge was referring to.   Furthermore, the Individual Defendants did not provide any indication as to what "false or misleading information" Plaintiff allegedly provided. Plaintiff was left to simply guess the basis for this charge.

ii.   At no time did the Individual Defendants inform Plaintiff ever they were going to evaluate Plaintiff's guilt with respect to this charge.

iii.  On March 26, 2021, the Individual Defendants found Plaintiff guilty of this charge with no explanation of how Plaintiff's actions coincided with this charge.

e) *Student Code/1-307.a.2: No student may give or otherwise furnish alcoholic beverages to any person under twenty-one years of age. Additionally, no student may authorize or permit a residence which he or she occupies to be used for possession or consumption of alcohol by any person under twenty-one years of age.*

i.   On February 5, 2021, when Plaintiff was initially charged, the Individual Defendants completely failed to explain the basis of this charge.  The Individual Defendants made no effort to explain how Plaintiff's actions might constitute "give[ing] or otherwise furnish[ing]" alcoholic beverages to a minor.  Nor did Defendants explain how Plaintiff's actions might constitute "authorize[ing] or permit[ing]" his

residence to be used by minors to consume alcohol.  In other words, the Individual Defendants completely failed to explain how Plaintiff allegedly violated this student code provision.  Instead, the Individual Defendants simply alleged that one underage person had been found intoxicated at Plaintiff's house.

ii.    Plaintiff repeatedly explained to the Individual Defendants that his name was not on the lease of the house at the time of the incident.  Despite this, on March 26th, 2021, Plaintiff was found guilty of this charge with no explanation of how Plaintiff's actions coincided with this charge. Dean Die confirmed to Plaintiff that Plaintiff had been responsible for this violation based on a mistaken belief that Plaintiff was on the lease at the time of the incident.  When the subcommittee made its decision, the Individual Defendants knew or should have known that Plaintiff was never a signatory on the lease and therefore had no legal responsibility for the actions of guests on the premises. The Individual Defendants did nothing to change the outcome.

iii.   Despite providing conclusive photo evidence that Plaintiff's name was not on the lease at the time of the incident, the Individual Defendants rejected Plaintiff's appeal on April 14, 2021, with no explanation as to why this evidence was insufficient.

f) *Student Code/1-302.a.3: Conduct that threatens the health or safety of any person, including but not limited to reckless disregard for the health or safety of any person.*

i.   On February 5, 2021, when Plaintiff was initially charged, the Individual Defendants completely failed to explain the basis of this charge.  the Individual Defendants failed to explain how Plaintiff's alleged conduct "threatens health or safety".

ii.   The Individual Defendants never informed Plaintiff how they were going to evaluate Plaintiff's guilt with respect to this charge.

iii.   On March 26, 2021, Plaintiff was found responsible for this charge without explanation as to how Plaintiff's behavior coincided with this charge.  Dean Die simply informed

Plaintiff that the subcommittee had determined that Plaintiff had "hosted a fraternity event" on January 29th, 2021. The Individual Defendants made no attempt to explain how they came to this conclusion.

58.   When the events contained in this Complaint occurred, all the Individual Defendants were acting within the scope of their employment or contract and under the color of law.

59.   Each of the Individual Defendants was aware that Plaintiff was entitled to a fair and impartial determination of the merits of the charges against Plaintiff.

60.   Plaintiff has been denied his due process rights by Individual Defendants in violation of the Fifth and Fourteenth Amendments in that:

61.   Each of the Individual Defendants decided collectively to take actions which violated the due process rights of Plaintiff.

62.   The Individual Defendants have acted and are acting with full knowledge that Plaintiff's due process rights have been violated and continue to be violated.

63.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered emotional injury, humiliation, as well as a serious deprivation of Plaintiff's property interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grants him relief as follows:

(1) Compensatory damages against Individual Defendants for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress;

(2) Punitive damages against Individual Defendants;

(3) Attorneys' fees;

(4) Costs of the suit;

(5) Injunctive relief against Defendant UI and Individual Defendants, including reinstatement of Plaintiff to UI and the complete expungement of all records pertaining to Plaintiff's disciplinary charges stemming from the January 29, 2021, incident; and,

(6) Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: February 25, 2022          Respectfully Submitted,

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2022, I served this ***CORRECTED*** First Amended Complaint on all Defendants of record *via* electronic filing.

Date: February 25, 2022        Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*