# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** *Plaintiff,* v. **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN,** Through the Board of Trustees (in their official capacity); **RONY DIE** (in his personal capacity); **DOES 1-30** (in their personal capacity); *Defendants.* | CASE NO. 21-CV-2220 Hon. James E. Shadid Mag. Jonathan E. Hawley **PLAINTIFF'S REPONSE TO DEFENDANTS' MOTION TO DISMISS** |

**NOW COMES** Plaintiff, Rahul Malhotra, by and through his attorney, The Law Office of Keith Altman, and hereby states the following:

1. Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)1 ("Defendants' Motion to Dismiss") on January 22, 2022. (ECF #17).

2. Defendants argue that Plaintiff's amended complaint should be dismissed because: a) Plaintiff's claim against the Board of Trustees is barred under 42 U.S.C. § 1983; b) Plaintiff cannot obtain equitable from Die in his personal capacity; c) Plaintiff fails to state a viable due process claim; and d) Plaintiff's damages claim against Defendant Die does not allege that Defendant Die had any role in the alleged deprivation of his alleged property right, and because Die is entitled to qualified immunity.

3. Defendants' Motion to Dismiss should be denied because Plaintiff's Amended Complaint ("AC") alleges sufficient conduct to constitute an actionable § 1983 claim for a due process violation because Plaintiff has a legally protected entitlement. *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769 (7th Cir. 2013); *Williams v. Wendler*, 530 F.3d 584 (7th Cir. 2008).

4. Moreover, Defendants' Motion to Dismiss should be denied because Defendants Die and Does 1-30 do not enjoy qualified immunity. Defendants Die and Does 1-30 violated Plaintiff's

constitutional right to a due process, which was clearly established at the time of the violation. *Vose v. Kliment*, 506 F.3d 565, 568 (7th Cir. 2007) citing *Finsel v. Cruppenink*, 326 F.3d 903 (7th Cir. 2003).

5. Plaintiff's arguments as to why Defendants' Motion to Dismiss should be denied are further developed in Plaintiff's Memorandum in Support of Plaintiff's Response to Defendant's Motion to Dismiss.

6. Plaintiff concedes that § 1983 does not allow claims against the Board of Trustees of the University of Illinois. Plaintiff further concedes that injunctive relief is not proper against Defendants Die and Does 1-30 in their *personal* capacity. Plaintiff respectfully requests leave from this Court to amend his complaint to cure these errors.

7. Finally, should the Court find that any of Defendant's arguments have merit, Plaintiff respectfully requests this Court for leave to amend his complaint pursuant to *Foman v. Davis*, 371 U.S. 178 (1962).

**WHEREFOR**E, Plaintiff respectfully requests that:

8. This court deny Defendants' Motion to Dismiss; and

9. Should the Court find that any of Defendant's arguments have merit, Plaintiff respectfully requests this Court for leave to amend his complaint pursuant to *Foman v. Davis*, 371 U.S. 178 (1962).

Date: March 3, 2022                              Respectfully Submitted,

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2022, I served "Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)1" on all Defendants of record *via* electronic filing.

Date: March 3, 2022                 Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*