# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** *Plaintiff,* v. **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN,** through the Board of Trustees (in their official capacity); **RONY DIE** (in his personal capacity); **DOES 1-30** (in their personal capacity), *Defendants.* | CASE NO. 21-CV-2220 <br><br> Hon. James E. Shadid <br> Mag. Jonathan E. Hawley <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |

# TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................................2

**TABLE OF AUTHORITIES**...........................................................................3

**ARGUMENT** ....................................................................................................4

   I.   Plaintiff's Amended Complaint Alleges Sufficient Conduct to Constitute an Actionable 42 U.S.C.S. § 1983 Claim for a Due Process Violation. ...............................................................................4

   II.   Individual Defendants Do Not Have Qualified Immunity Because Individual Defendants Violated Plaintiff's Constitutional Right to a Due Process, Which Was Clearly Established at the Time of the Violation.........................................7

   III.   Plaintiff's Claim Against the University of Illinois Board of Trustees. ..............................................................................................9

   IV.   Plaintiff's Claim for Injunctive Relief Against Die in His Personal Capacity. ............................................................................9

   V.   General Request for Leave to Amend Complaint. ...............9

**CONCLUSION**................................................................................................9

**CERTIFICATE OF SERVICE** .....................................................................11

# TABLE OF AUTHORITIES

## Cases

*Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769 (7th Cir. 2013) ............................................................................................... 9, 10

*Foman v. Davis*, 371 U.S. 178 (1962) ..................................................... 14

*Mullenix v. Luna*, 577 U.S. 7, 11 (2015) ................................................. 12

*Vose v. Kliment*, 506 F.3d 565, 568 (7th Cir. 2007) ............................... 12

*Williams v. Wendler*, 530 F.3d 584 (7th Cir. 2008) ................................. 9

## Statutes

42 U.S.C. § 1983 ................................................................................ 9, 13, 14

# ARGUMENT

I. **Plaintiff's Amended Complaint Alleges Sufficient Conduct to Constitute an Actionable 42 U.S.C.S. § 1983 Claim for Due Process Violation.**

Defendants erroneously argue that Plaintiff failed to state a viable due process claim. For a college student to have an actionable claim for a due process violation under 42 U.S.C. § 1983, the student must show that they have a legally protected entitlement to their continued education at the university. *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769 (7th Cir. 2013); *Williams v. Wendler*, 530 F.3d 584 (7th Cir. 2008). A college student can establish this by pleading the existence of an express or implied contract with the university, which Plaintiff does. *Charleston* 741 F.3d at 773; *Williams* 530 F.3d at 589, 90.

In *Williams*, the court dismissed the plaintiffs' § 1983 due process claim because plaintiffs failed to establish a legally protected entitlement, and because plaintiffs argued that any student who is suspended from college has suffered a deprivation of constitutional property. *Williams,* 530 F.3d at 589, 90. Moreover, in *Charleston*, the court held that plaintiff failed to identify a property interest because

plaintiff failed to describe the specific promises that the university made to him through its disciplinary policy and statutes. *Charleston* 741 F.3d at 773, 74.

In this case, unlike in *Williams* and *Charleston*, Plaintiff has a legally protected entitlement. Plaintiff has a contract with UIUC in which Plaintiff promised to pay tuition, in a specific amount, on a certain day of the school year, and in exchange UIUC promised not to suspend or expel Plaintiff unless there was a violation of UIUC's disciplinary rules. This contract created an entitlement, so that if UIUC were to suspend or expel Plaintiff for a disciplinary violation and he denied it, Plaintiff would be entitled to a fair hearing.

Moreover, unlike in *Charleston*, Plaintiff expressly identified the specific provision of the contract that Defendants Die and Does 1-30 violated. (FAC ¶ 43). Under § 1-301(i) of the contract, Plaintiff was entitled to receive adequate due process in the event that Plaintiff was ever in a disciplinary proceeding. However, Defendants Die and Does 1-30 ("Individual Defendants") violated this contract.

The Individual Defendants did not afford Plaintiff the due process required by law and Student Code § 1-301(i) because they arbitrarily held Plaintiff responsible for actions he did not commit. Plaintiff did not violate UIUC's disciplinary rules because Plaintiff was not involved in the party that resulted in the sanctions. Plaintiff cooperated with UIUC's authorities to find out what happened. Plaintiff even provided ample evidence showing his lack of involvement in the party. Plaintiff showed how his name was not on the lease of the house where the party took place. Nevertheless, Plaintiff was found responsible for violations subject to disciplinary action without any explanation as to how Plaintiff's behavior coincided with the University's charges. Moreover, he was denied an appeal without explanation as to how the grounds for an appeal were not met.

Based on the foregoing, Plaintiff's Amended Complaint alleges sufficient conduct to constitute an actionable § 1983 claim against Defendants for violating his due process rights. As such, this Court should allow Plaintiff to proceed to discovery.

**II.    Individual Defendants Do Not Have Qualified Immunity Because Individual Defendants Violated Plaintiff's Constitutional Right to a Due Process, Which Was Clearly Established at the Time of the Violation.**

Defendants erroneously argue that the Individual Defendants have qualified immunity. This is incorrect. To determine whether an official is entitled to qualified immunity, Courts analyze two issues: 1) taken in the light most favorable to the plaintiff, the facts must show the official violated a constitutional right; and 2) whether the right was clearly established at the time of the alleged violation. *Vose v. Kliment*, 506 F.3d 565, 568 (7th Cir. 2007) citing *Finsel v. Cruppenink*, 326 F.3d 903 (7th Cir. 2003). A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what they are doing violates that right. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal citations omitted).

Plaintiff's right to a due process was clearly established at the time that the Individual Defendants violated Plaintiff's right. The Individual Defendants, as decision-making authority figures of UIUC, knew or should have known that arbitrarily disregarding abundant evidence that reflected Plaintiff's innocence, and arbitrarily lumping all involved

students into a single disciplinary process, was a violation of Plaintiff's due process rights. Despite Plaintiff providing conclusive evidence that his name was not on the lease at the time of the incident, and that Plaintiff had nothing to do with the party, the Individual Defendants rejected Plaintiff's appeal on April 14th, 2021, with no explanation as to why this evidence was insufficient, or why Plaintiff did not meet the grounds for an appeal.

Moreover, Does 1-30 "evaluated" the responsibility of the accused students as one, making no distinction between the students or the involvement (or non-involvement) of each student in the party. This made Plaintiff's disciplinary process and procedure arbitrary and contrary to due process requirements. Reasonable university authority figures knew or should have known that such actions constitute an infringement upon a student's due process rights.

Based on the foregoing, Plaintiff's Amended Complaint alleges sufficient conduct to reflect that Individual Defendants do not have qualified immunity, and this Court should allow Plaintiff to proceed to discovery.

### III. Plaintiff's 42 U.S.C.S. § 1983 Claim Against the University of Illinois Board of Trustees.

Plaintiff concedes that 42 U.S.C.S. § 1983 does not allow claims against the Board. Plaintiff respectfully request this Court leave to amend his complaint to cure this error.

### IV. Plaintiff's Claim for Injunctive Relief Against Die in His Personal Capacity.

Plaintiff concedes that injunctive relief against Individual Defendants in their *personal* capacity is not proper under 42 U.S.C.S. § 1983[1]. Plaintiff respectfully request this Court leave to ament his complaint to cure this error.

### V. General Request for Leave to Amend Complaint.

Should the Court find that any of Defendant's arguments have merit, Plaintiff respectfully requests the right to amend his complaint pursuant to *Foman v. Davis*, 371 U.S. 178 (1962).

///

---

[1] Defendants make no mention of Defendants Doe 1-30 in this section of their Motion to Dismiss. However, Plaintiff concedes that injunctive relief against Does 1-30 in their *personal* capacity is not proper either.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully asks this Court to deny Defendants' Motion to dismiss and allow Plaintiff to proceed to discovery.

Date: March 3, 2022    Respectfully Submitted,

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I served "Memorandum in Support of Plaintiff's Response to Defendants' Motion to Dismiss" on all Defendants of record *via* electronic filing.

Date: March 3, 2022　　　　　Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*