# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| RAHUL MALHOTRA, | ) |
|     Plaintiff, | ) |
|         v. | ) Case No. 2:21-cv-02220 |
| UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, *through the Board of Trustees*; RONY DIE, *in his individual capacity*; & DOES 1–30, *in their individual capacities*, | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on a Motion to Dismiss by Defendants Rony Die and University of Illinois at Urbana-Champaign (UIUC). (Doc. 17). The Motion has been fully briefed and is ripe for review. For the following reasons, the Motion is granted.

### BACKGROUND

Following a party at a fraternity house in which Plaintiff sublet a room, he was charged with multiple violations of the UIUC Student Code. (Doc. 21 at 4–8). These charges led to student disciplinary proceedings, during which Plaintiff was found guilty and suspended for two semesters. (Doc. 21 at 9–11). Plaintiff thereafter brought the instant lawsuit against UIUC, through its Board of Trustees, and

university officials, in their individual capacities,[1] alleging a deprivation of procedural due process.

## LEGAL STANDARD

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain a "short and plain statement of the [plaintiff's] claim" sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories; rather, the complaint need only contain enough facts "to present a story that holds together." *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted the essential function of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

On review of a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff. *See United States ex rel. Berkowitz v. Automation Aids,*

---

[1] Plaintiff's Original Complaint brought suit against the Individual Defendants in both their official and individual capacities (doc. 1), but his Amended Complaint dropped the official capacity designation and thus only asserts his claim against the Individual Defendants in their individual capacities (doc. 21).

*Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (citing *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)). This means "accept[ing] all of the well-pleaded facts as true and 'draw[ing] all reasonable inferences [from those facts] in favor of the plaintiff.' " *Id.* (quoting *Kubiak*, 810 F.3d at 480–81). The court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Bhd. of Teamsters, Loc.* 781, 947 F.3d 464, 469 (7th Cir. 2020). " 'Naked assertions devoid of factual enhancement' [are] insufficient." *Dabbs v. Peoria Cnty. Ill.*, No. 1:16-cv-01463, 2017 WL 3574999, at *2 (C.D. Ill. Jan. 12, 2017) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, 690 F. App'x 416 (7th Cir. 2017)).

## DISCUSSION

Plaintiff's Amended Complaint asserts two procedural due process claims: one against UIUC, through its Board of Trustees, and one against Defendants Die and Does 1–30 in their individual capacities (collectively, the Individual Defendants); Plaintiff seeks both injunctive relief and monetary damages. In his Response, however, Plaintiff concedes that his claim against UIUC's Board of Trustees and his request for injunctive relief from the Individual Defendants in their individual capacities are not cognizable. (Doc. 22-1 at 9). These concessions leave the case in rather a confused state. Before delving into this confusion, however, the Court must decide whether Plaintiff has adequately stated a procedural due process claim.

### I. Procedural Due Process

There are two familiar elements to any procedural due process claim: first, the claimant must "identify the protected property or liberty interest at stake," and second, the court "must determine what process is due under the circumstances."

3

*Charleston v. Bd. of Trustees of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (citing *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003)). College students do not have "a stand-alone property interest in an education at a state university." *Id.* To assert a protectable property interest in this context, a student must demonstrate they have "a *legally protected entitlement* to [their] continued education at the university," such as an agreement between the university and student that the student "would be dismissed only for good cause." *Id.* at 773 (emphasis in original).

Plaintiff argues he "has a contract with UIUC in which Plaintiff promised to pay tuition, in a specific amount, on a certain day of the school year, and in exchange UIUC promised not to suspend or expel Plaintiff unless there was a violation of UIUC's disciplinary rules." (Doc. 22-1 at 5). Plaintiff further asserts: "This contract created an entitlement, so that if UIUC were to suspend or expel Plaintiff for a disciplinary violation and he denied it, Plaintiff would be entitled to a fair hearing." (Doc. 22-1 at 5). In support of these allegations, Plaintiff cites § 1-301(i) of the UIUC Student Code. (Docs. 21 at 17; 22-1 at 5–6).

> Section 1-301(i) of the UIUC Student Code states:
>
> Alleged violations of the Student Code noted in (h) above are resolved through procedures developed and approved by the Senate Committee on Student Discipline, its Subcommittees on Student Conduct, and Disciplinary Officers approved by the Senate Committee on Student Discipline. These procedures include: Disciplinary Officer Procedures (informal resolution); Procedures for Appeal from the Action of Disciplinary Officers; Procedures for the Subcommittee on Undergraduate Student Conduct; and Procedures for Appeal to the Senate Committee on Student Discipline. . . . Among other rights

> delineated in these procedures, the right to written notice of charges and an opportunity to respond to those charges are guaranteed.

(Doc. 18-4 at 12).[2] Absent from this section is any language even remotely promising "not to suspend or expel Plaintiff unless there was a violation of UIUC's disciplinary rules"; this section merely states alleged violations of the Student Code are resolved through the University's disciplinary procedures, which, *inter alia*, guarantee the accused written notice of the charge(s) and an opportunity to respond. Plaintiff cites no other source of any express or implied contract with UIUC pertaining to his right to continued education at the University.

This case is virtually identical to *Charleston* and *Park v. Indiana University School of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012). As in those cases, careful review of Plaintiff's Amended Complaint shows he is not actually claiming a property interest in his continued education at UIUC but rather is claiming a property interest in the process described in § 1-301(i) of the UIUC Student Code. (*See* docs. 21 at 17–18 (alleging "Plaintiff was entitled [under § 1-301(i)] to receive adequate due process in case Plaintiff was ever in a disciplinary proceeding", "Plaintiff was entitled to a fair and impartial hearing regarding his actions in accordance with UI policies concerning misconduct"); 22-1 at 5 ("Under § 1-301(i) of the contract, Plaintiff was entitled to receive adequate due process in the event that Plaintiff was ever in a

---

[2] This section of the UIUC Student Code was attached to Defendant's Motion. (Doc. 18-4). Because this section of the Student Code is cited in Plaintiff's Amended Complaint and is central to his claim as the purported source of a protectable property interest, the Court considers it in resolution of the instant Motion. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021). ("District courts may . . . consider . . . documents attached to a motion to dismiss when they are referenced in the complaint and central to the plaintiff's claim.").

disciplinary proceeding")). The Seventh Circuit has held "many times" that "a plaintiff does not have a federal constitutional right to state-mandated process." *Charleston*, 741 F.3d at 773; *Park*, 692 F.3d at 832; *see also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. The State may choose to require procedures . . . but in making that choice the State does not create an independent substantive right."). In the words of the Seventh Circuit: "Like other student-plaintiffs before him, all that [Plaintiff] alleges is that [UIUC] conferred on him certain procedural rights," *Charleston*, 741 F.3d at 774. As a matter of law, that does not create a property interest protected by the United States Constitution.

Plaintiff seeks leave to amend in the event the Court finds his pleading deficient. As a general matter, leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is clear that a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). According to the Seventh Circuit, "that occurs when a proposed amendment is untimely, the plaintiff has already had multiple chances to cure deficiencies, or amendment would cause substantial delay and prejudice." *Id.* (internal citations omitted). It is theoretically possible Plaintiff can allege sufficient facts to demonstrate a valid property interest here. Accordingly, although Plaintiff has had two bites at the apple—he exercised his opportunity to amend his complaint in response to Defendants' first motion to dismiss—denial of leave to amend is not yet appropriate. *See id.* ("[T]he norm remains affording a plaintiff at least one opportunity to amend

6

his complaint."). That said, the Court will not grant a fourth bite if Plaintiff is unable to cure the deficiencies identified herein.

## II.   The Named Defendants

As a final matter, Plaintiff's choice of defendants and concessions warrant comment. Plaintiff has chosen to sue UIUC solely through its Board of Trustees. However, Plaintiff has conceded the Board of Trustees is not a proper party to this suit. (Doc. 22-1 at 9). This concession effectively dismisses Count I, the due process claim against UIUC. Plaintiff also concedes he cannot sustain a claim for injunctive relief from the Individual Defendants, who are sued solely in their individual capacities. (Doc. 22-1 at 9). Thus, the only remaining claim is a procedural due process claim for monetary damages against the Individual Defendants in their individual capacities (Count II).

Defendants argue the Individual Defendants are entitled to qualified immunity. Qualified immunity "protects government officials from liability for civil damages as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Doe v. Purdue Univ.*, 928 F.3d 652, 665 (7th Cir. 2019) (internal quotation marks omitted). The Court has already decided Plaintiff has failed to allege a violation of a constitutional right, meaning the Individual Defendants are entitled to qualified immunity on these facts.

However, even if Plaintiff had alleged a plausible procedural due process claim, the Individual Defendants would still be entitled to qualified immunity as a matter of law. Though *Doe v. Purdue* held university students are entitled to procedural due

process in some disciplinary proceedings that impact protected liberty interests, 928 F.3d at 661–63, such process is not guaranteed in all student disciplinary hearings and, in fact, has never been mandated in a case similar to Plaintiff's in this Circuit. *See id.* at 665 ("[T]o this point, no student has successfully shown the requisite interest" to create a constitutionally protected property right in their public university education.). Given the lack of *any* binding precedent holding a student has a protected property interest in the continuation of their public university education—contractual or otherwise—no reasonable university official would have had the requisite notice the student disciplinary proceedings here were required to comport with constitutional due process guarantees. Simply put, a student's right to procedural due process in student disciplinary proceedings is not "clearly established" in this Circuit; rather, students are rarely found to be entitled to procedural due process in this context. Accordingly, the Court finds the Individual Defendants are entitled to qualified immunity and therefore dismisses the individual-capacity claim against the Individual Defendants with prejudice.

Furthermore, the Amended Complaint fails to adequately connect Defendant Die to any of the misconduct alleged. The following are the only allegations against Defendant Die: (1) Plaintiff met with Defendant Die following the party and before his disciplinary hearing (doc. 21 at 8–9); (2) after the hearing, Defendant Die expounded on the disciplinary committee's decision, and Plaintiff gave him more information in support of his defense (doc. 21 at 10); and (3) Defendant Die "did nothing to change the outcome" (doc. 21 at 10). Even viewing these facts in the light

most favorable to Plaintiff, the Court can only infer Defendant Die was acting as a messenger. Plaintiff does not allege Defendant Die had any role in the disciplinary committee's hearing, deliberations, or decision or that he had any authority to review, modify, or overturn the committee's decision. Liability under 42 U.S.C. § 1983 is premised on the accused's personal responsibility; "[i]n other words, the official's act must both be the cause-in-fact of the injury and its proximate cause." *Hoffman v. Knoebel*, 894 F.3d 836, 841 (7th Cir. 2018). Plaintiff's Amended Complaint does not allege sufficient facts to meet this requirement with respect to Defendant Die.

In sum, Defendant UIUC, through its Board of Trustees, and the Individual Defendants in their individual capacities are hereby terminated from this lawsuit. Moreover, to the extent Plaintiff intends to file an amended complaint, any claim against Defendant Die in his official capacity must reflect his personal responsibility for Plaintiff's alleged injuries.

## CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Dismiss by Defendants Rony Die and University of Illinois at Urbana-Champaign (doc. 17) is GRANTED; Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to terminate Defendants University of Illinois at Urbana-Champaign, through its Board of Trustees, as well as Rony Die and Does 1–30, in their individual capacities. Plaintiff may file an amended complaint within twenty-one (21) days of the date of this Order; should Plaintiff file an amended complaint, Plaintiff shall

summon any defendant(s) in accordance with Federal Rule of Civil Procedure 4, as all the named Defendants in this case have been prejudicially terminated.

SO ORDERED.

Entered this 8th day of March 2022.

s/ Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge