E-FILED
Friday, 22 April, 2022  02:52:57 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

|  |  |  |
|---|---|---|
| RAHUL MALHOTRA, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No: 21-CV-2220** |
| | ) | |
| v. | ) | |
| | ) | **Hon. Joe Billy McDade** |
| | ) | **Magistrate Jonathan E. Hawley** |
| UNIVERSITY OF ILLINOIS AT | ) | |
| URBANA-CHAMPAIGN; | ) | |
| RONY DIE (in his official capacity); | ) | |
| DOES 1-30 (in their official and personal | ) | |
| capacity), | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
### SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)[1]

Defendants Board of Trustees for the University of Illinois ("Board"), and Rony Die ("Die") (together, "Defendants"), by and through their counsel, respectfully move to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants have filed a supporting memorandum and state as follows:

1.      Plaintiff Rahul Malhotra ("Plaintiff") is an undergraduate student at the University of Illinois Urbana-Champaign ("UIUC") who was dismissed for two semesters after UIUC

---

[1] This memorandum is filed on behalf of Defendants Board of Trustees for the University of Illinois and Rony Die, in his official capacity. The Second Amended Complaint continues to name "Does 1-30" as purported defendants, but only the Board and Die have been served. The Second Amended Complaint states that "Does 1-30 are members of UIUC staff that served as members of the [subcommittee]" that adjudicated Plaintiff's discipline but does not allege that they are unidentifiable or unknown to Plaintiff. Sec. Am. Compl. ¶ 7. Further, this Court has already dismissed Plaintiff's individual-capacity claims against "Does 1-30 (and Die) with prejudice. Dkt. 23 at 7-10.

HB: 4854-3742-0317.1

determined, after an investigation, hearing, and appeals process, that Plaintiff was responsible for violations of UIUC's Student Code. Specifically, UIUC determined that Plaintiff was responsible for his role in "hosting" a party on the night of January 29, 2021 at the fraternity house where he was living in violation of the UIUC's Chancellor's Order to avoid social gatherings and other nonessential activities and Champaign County's COVID-19 Emergency Order.

2.      Plaintiff received written notice of the charges against him on February 5, 2021, and then appeared and testified on his own behalf at a hearing on the charges held before a subcommittee of UIUC staff. On March 26, 2021, Plaintiff was notified that the subcommittee had found him responsible for violating UIUC's Student Code and that he was dismissed from UIUC for two semesters (Spring 2021 and Fall 2021). Plaintiff appealed the subcommittee's decision. On April 14, 2021, Plaintiff's appeal was denied and the decision against him was upheld.

3.      Plaintiff filed his initial Complaint against the Board of Trustees of the University of Illinois and Die on August 17, 2021. Defendants filed a motion to dismiss the complaint on December 1, 2021, and in response, Plaintiff filed his Amended Complaint on January 5, 2022. Defendants moved to dismiss the Amended Complaint on January 28, 2022.

4.      On March 8, 2022, this Court granted Defendants' motion to dismiss the Amended Complaint in its entirety, terminated the Board of Trustees as a defendant, and dismissed Plaintiff's claims against the individual capacity defendants (Die and "Does 1-30") with prejudice. The Court noted that Plaintiff already had "two bites at the apple," and while "denial of leave to amend [was] not yet appropriate," the Court would "not grant a fourth bite if Plaintiff is unable to cure the deficiencies" in the Amended Complaint. Dkt. 23 at 6-7.

5.      On March 29, 2022, Plaintiff filed his Second Amended Complaint, which includes only minimal adjustments to his prior pleading and fails to correct the deficiencies identified by

2

the Court and in Defendants' prior motions to dismiss, confirming that this entire case should now be dismissed with prejudice.

6.      In Count A of the Second Amended Complaint, Plaintiff purports to sue a new party, UIUC itself, after the Board of Trustees has been terminated as a defendant. However, UIUC is not a suable entity. 110 ILCS 305/1; *Williams v. Univ. of Ill.*, 945 F. Supp. 163, 164 n.1 (N.D. Ill. 1996). Accordingly, Count A must be dismissed with prejudice.

7.      In Count B of the Second Amended Complaint, Plaintiff attempts to assert a Due Process claim against Die in his official capacity, seeking injunctive relief in the form of expungement of his disciplinary records. However, this Count continues to suffer from fatal flaws identified in prior filings, confirming that Plaintiff cannot state a viable Due Process claim.

8.      First, the Second Amended Complaint still fails to identify a cognizable property interest. In its prior ruling, this Court found Plaintiff's attempt to claim a property interest in the process described in the UIUC Student Code insufficient as a matter of law, because the "Seventh Circuit has held 'many times' that 'a plaintiff does not have a federal constitutional right to state-mandated process.'" Dkt. 23 at 5-6 (quoting *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013)). The Second Amended Complaint only weakens any assertion of a property interest by now alleging only that such an interest arose because Plaintiff paid tuition to UIUC. As this Court has already found, Plaintiff's mere assertion of a stand-alone property interest in his education is insufficient as a matter of law. Dkt. 23 at 4; *Charleston*, 741 F.3d at 772-73.

9.      The Second Amended Complaint also fails to identify a cognizable liberty interest. To state a claim for deprivation of occupational liberty, a plaintiff must satisfy a "stigma-plus test" by alleging (1) that the state disclosed information that damaged his reputation, (2) that the reputational harm made it "virtually impossible" for him to find employment in his chosen

HB: 4854-3742-0317.1

profession, and (3) that his legal status was altered, depriving him of a previously held right.  *See Doe v. Trs. of Indiana Univ.*, 496 F. Supp. 3d 1210, 1216 (S.D. Ind. 2020) (citing *Purdue Univ.*, 928 F.3d 652, 661 (7th Cir. 2019)). The publication requirement of the stigma-plus test is met when disclosure of damaging information is (1) "compelled," (2) "certain," and (3) "not self-published."  *Id.* (citing *Purdue*, 928 F.3d at 662).  In the Second Amended Complaint, Plaintiff alleges merely that he suffered "irreparable reputational damage" because information regarding his two-semester dismissal "will invariably be disclosed" by UIUC to any graduate school or employer Plaintiff may apply to in the future. Sec. Am. Compl. ¶¶ 53, 74, 81. These allegations are insufficient to satisfy the stigma-plus test as a matter of law.

10.     Further, even if Plaintiff had identified a valid property or liberty interest, his Due Process claims also fail because Plaintiff still has not alleged any actionable deprivation of such interest. Courts have found that the Due Process Clause is satisfied where, as here, an accused student receives notice of the charges, an explanation of the evidence against him, and an opportunity to present his side of the story. *Purdue*, 928 F.3d at 663; *see Doe v. Cummins*, 662 F. App'x 437, 446 (6th Cir. 2016). As argued in Defendants' prior motions, Plaintiff's own allegations establish that UIUC afforded him sufficient process with respect to his dismissal as a matter of law, including that he received a written February 5, 2021 Charge Notice that included the relevant provisions of the Student Code, specific references to UIUC COVID-19 directives, the date of the alleged violations, the alleged conduct that formed the basis of the charges, and a statement clarifying he was accused of hosting "a party in violation of Chancellor's Order to avoid social gatherings and other nonessential activities" and the Emergency Order. Plaintiff also had the opportunity to attend and participate in the subcommittee hearing on these charges, including

HB: 4854-3742-0317.1

speaking on his own behalf to present his defense and respond to subcommittee questions, and to appeal the subcommittee's decision.

11.     In the Second Amended Complaint, Plaintiff adds a series of allegations regarding Die's alleged involvement in the disciplinary process, but these new allegations do not support either Plaintiff's conclusory assertions that the process was "devoid of due process and completely arbitrary at every stage," or the implication that Die somehow improperly interfered with the proceedings. *See* Sec. Am. Compl. ¶¶ 50, 66-73. Rather, the Second Amended Complaint is replete with contradictions and admissions that establish that Plaintiff had notice of the charges against him and an opportunity to present his defense and supporting evidence. These admissions doom Plaintiff's Due Process claim. Ultimately, Plaintiff's allegations establish only that he disagreed that he should have been either subjected to disciplinary proceedings or found responsible for violations of the Student Code, but these disagreements are insufficient to state a claim for violation of due process. *See Pugel v. Bd. of Trs. of Univ. of Ill.*, 378 F.3d 659, 666 (7th Cir. 2004) ("Due process does not require decisionmakers to adopt the charged party's explanation."). In sum, the Second Amended Complaint fails to establish a deprivation of a constitutionally protected property or liberty interest and Count B must be dismissed pursuant to Rule 12(b)(6) for this additional reason.

12.     Accordingly, for the reasons stated above and in Defendants' supporting memorandum, Plaintiff's Second Amended Complaint must be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6).

HB: 4854-3742-0317.1

Dated: April 22, 2022

Respectfully submitted,

Defendants Board of Trustees for the University of Illinois and Rony Die,

By:    /s/ Peter G. Land
                      One of their Attorneys

Peter G. Land (Lead Counsel) #6229659
Gwendolyn B. Morales #6297233
Husch Blackwell LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500
Peter.Land@huschblackwell.com
Gwendolyn.Morales@huschblackwell.com

HB: 4854-3742-0317.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 22nd day of April, 2022, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all the following:

> The Law Office of Keith Altman
> Keith Altman
> 33228 West 12 Mile Road, Suite 375
> Farmington Hills, MI 48334
> T: (516) 456-5885
> keithaltman@kaltmanlaw.com

/s/ Peter G. Land

HB: 4854-3742-0317.1