# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** *Plaintiff,* v. **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN; RONY DIE (in his official capacity); DOES 1-30 (in their official and personal capacity);** *Defendants.* | CASE NO. 21-CV-2220  Hon. James E. Shadid  Mag. Jonathan E. Hawley |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)


# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... 2

TABLE OF AUTHORITIES ........................................................................................ 3

FACTUAL ALLEGATIONS ........................................................................................ 4

STANDARD OF REVIEW ........................................................................................... 5

ARGUMENT .................................................................................................................. 6

    I.   Plaintiff's Due Process Claim Against UIUC ................................................... 6

    II.  Plaintiff's Due Process Claim Against Die ...................................................... 6

        a)   Property Interest ............................................................................................. 9

        b)   Liberty Interest ............................................................................................. 10

        c)   Failure of Due Process ................................................................................ 10

CONCLUSION ............................................................................................................. 12

## **TABLE OF AUTHORITIES**

**Cases**

*Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78 (1978) .......................... 11
*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) .............................. 11
*Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007) ....................................... 5
*Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769 (7th Cir. 2013) .. 7
*Concilio De Salud Integral De Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10 (1st Cir. 2008) ......................................................................................................................... 6
*Conley v. Gibson*, 335 U.S. 41, 48 (1957) ................................................................ 5
*Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) ................................ 11
*Heese v. De Matteis Development Corp.*, 417 F. Supp. 864 (S.D.N.Y. 1976) .......... 9
*In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003) ........ 6
*West v. Atkins*, 487 U.S. 42, 49 (1988) ................................................................... 10
*Williams v. Wendler*, 530 F.3d 584 (7th Cir. 2008) ................................................. 7

**Statutes**

42 U.S.C. § 1983 ................................................................................................. 7, 10
Fed. R. Civ. P. 12(b)(6) ............................................................................................. 5
U.S. Const. Amend. XIV ........................................................................................ 10

**NOW COMES** Plaintiff, Rahul Malhotra, by and through his attorney, The Law Office of Keith Altman, and filing his Opposition to Defendant's Motion to Dismiss, hereby states the following:

### FACTUAL ALLEGATIONS

On January 29, 2021, Plaintiff was living at the Alpha Iota Omicron fraternity house. He was an inactive member of the fraternity. A gathering occurred at the residence that Plaintiff has influence on. Plaintiff did not plan, invite, nor attend the gathering. Further, Plaintiff expressed concern over others having individuals over to the house prior the gathering. Plaintiff stayed in his room, with his noise canceling headphone on, studying when the gathering began. It was not until a loud knocking at Plaintiff's bedroom door occurred that he emerged from his bedroom, where he was the sole occupant. Plaintiff then left his room in an attempt to get all non-residents to leave citing trespassing. Plaintiff was unsuccessful in removing individuals himself, when police arrived at the residence Plaintiff cooperated/assisted in getting individuals that were non-residents to leave the premise.

The following week Plaintiff was wrongfully accused of "hosting" the party and was charged with violations of UI code of conduct. Plaintiff was informed on March 26, 2021, that he was found guilt of all three counts against him. Defendant

Die told Plaintiff that the committee made the decision based on the mistaken belief that Plaintiff was a signatory on the lease and therefore had legal responsibility for the actions of guests on the premises. This was incorrect. Defendant Die did nothing to change the outcome. Plaintiff appealed the decision, the charges were upheld on April 14, 2021. As a result, Plaintiff was dismissed from the University for two semesters.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all the factual allegations contained therein. *Id.*

Moreover, Defendants repeatedly states throughout their Motion to Dismiss that the Complaint is vague and lacking in detail. To begin, this is no ground for dismissal under Rule 12(b)(6). See *In re Initial Public Offering Sec. Litig.*, 241 F.

Supp. 2d 281, 333 (S.D.N.Y. 2003). If Defendants genuinely believed that the clarity of pleadings were deficient, they should have moved for a more definite statement under Rule 12(e) and requested that Plaintiff set forth more detail. Tellingly, they did not; the Amended Complaint is sufficiently clear and detailed and Defendant's arguments to the contrary must be disregarded.

## ARGUMENT

### I. Plaintiff's Due Process Claim Against UIUC

In *Concilio*, the Court determined that a request for injunctive relief alone was not a barred by the Eleventh Amendment. Pursuant to §1983 Injunctive relief with regard to payment methodology were not barred by Eleventh Amendment. *Concilio De Salud Integral De Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 2008 U.S. App. LEXIS 25190 (1st Cir. 2008).

While the facts of the cases differ, the standard of immunity remains. In the current case, Plaintiff seeks only injunctive relief in relation to Defendant UIUC.

Based on the foregoing, Plaintiff's Amended Complaint alleges sufficient conduct to constitute an actionable § 1983 claim for a due process violation against Defendant UIUC, and this Court should allow Plaintiff to proceed to discovery.

### II. Plaintiff's Due Process Claim Against Die

Defendants erroneously argue that Plaintiff fails to state a viable due process claim against Defendant Die. For a college student to have an actionable claim for a due process violation under 42 U.S.C. § 1983, the student must show that they have a legally protected entitlement to their continued education at the university. *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769 (7th Cir. 2013); *Williams v. Wendler*, 530 F.3d 584 (7th Cir. 2008). A college student can establish this by pleading the existence of an express or implied contract with the university, which Plaintiff does. *Charleston* 741 F.3d at 773; *Williams* 530 F.3d at 589, 90.

In *Williams*, the court dismissed the plaintiffs' § 1983 due process claim because plaintiffs failed to establish a legally protected entitlement, and because plaintiffs argued that any student who is suspended from college has suffered a deprivation of constitutional property. *Williams,* 530 F.3d at 589, 90. Moreover, in *Charleston*, the court held that plaintiff failed to identify a property interest because plaintiff failed to describe the specific promises that the university made to him through its disciplinary policy and statutes. *Charleston* 741 F.3d at 773, 74.

In this case, unlike in *Williams* and *Charleston*, Plaintiff has a legally protected entitlement. Plaintiff has a contract with UIUC in which Plaintiff promised to pay tuition, in a specific amount, on a certain day of the school year, and in exchange UIUC promised not to suspend or expel Plaintiff unless there was a violation of UIUC's disciplinary rules. This contract created an entitlement, so that

if UIUC were to suspend or expel Plaintiff for a disciplinary violation and he denied it, Plaintiff would be entitled to a fair hearing.

Moreover, unlike in *Charleston*, Plaintiff expressly identified the specific provision of the contract were violated. (FAC ¶ 43). Under § 1-301(i) of the contract, Plaintiff was entitled to receive adequate due process in case Plaintiff was ever in a disciplinary proceeding. However, this section of the contract was.

Defendant Die did not afford Plaintiff the due process required by law and Student Code § 1-301(i) because they arbitrarily held Plaintiff responsible for actions he did not commit. Plaintiff did not violate UIUC's disciplinary rules because Plaintiff was not involved in the party that caused the sanctions. Plaintiff cooperated with UIUC's authorities to find out what happened, and even provided ample evidence showing his lack of involvement in the party and showing how Plaintiff's name was not on the lease of the house in which the party took place. Nevertheless, Plaintiff was found responsible for disciplinary violations without explanation as to how Plaintiff's behavior coincided with the university's charges and was ***denied*** an appeal without explanation as to why the grounds to an appeal were not met.

Based on the foregoing, Plaintiff's amended complaint alleges sufficient conduct to constitute an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

### a) Property Interest

In assessing whether plaintiff states claim for which relief can be granted under 42 USCS § 1983, initial question is whether property interest asserted by plaintiff is one to which he has legitimate claim of entitlement secured by existing laws, rules, or customs rather than simply abstract need or desire. *Heese v. De Matteis Development Corp.*, 417 F. Supp. 864, 1976 U.S. Dist. LEXIS 14107 (S.D.N.Y. 1976).

Plaintiff has stated a viable property interest in Plaintiff's education. Plaintiff entered into a contract in which Plaintiff agreed to pay a set amount in exchange for the provided education at UI. A valid contract was entered into. Plaintiff has paid the provide for tuition, entitling Plaintiff to continued educational instruction from UIUC. Defendants deprived Plaintiff of his viable property interest when Defendant Die knowingly wrongfully accused him code violations, which Plaintiff was found guilty of. Further, Defendant Die denied Plaintiff's appeal with the actual knowledge that Plaintiff did not, and could not have, committed the stated code violations.

Defendants' argument that Plaintiff's property interest is unsubstantiated is without merit. Defendant fails to acknowledge the contract Plaintiff entered into UIUC, which was then acted on by both parties for a significant amount of time, equated in semesters.

Based on the foregoing, Plaintiff's Amended Complaint alleges a sufficient property interest in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

### b) Liberty Interest

To state a claim under §1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. 42 U.S.C.§1983. *West v. Atkins*, 487 U.S. 42, 49 (1988). A person right to liberty is guaranteed under Fourteenth Amendment. U.S. Const. Amend. XIV. Plaintiff stated a valid liberty interest in having been precluded from continuing his education. Plaintiff began his education at UIUC with the intent of completing his degree. Plaintiff was wrongfully deprived of his liberty interest in continuing to pursue his education when Defendant Die willfully and wrongfully found Plaintiff guilty of UIUC code violations with actual knowledge of his non-involvement. Further, Defendant Die denied Plaintiff's appeal with the actual knowledge that Plaintiff did not, and could not have, committed the stated code violations.

Based on the foregoing, Plaintiff's Amended Complaint alleges a sufficient liberty interest in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

### c) Failure of Due Process

"Individual liability pursuant to §1983 requires personal involvement in the alleged constitutional deprivation." *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) . Defendant Die was directly involved in Plaintiff's discipline process. Defendant Die attained knowledge of the facts and events that occurred, resulting in Plaintiff's disciplinary action. With knowledge that Plaintiff, did not and could not have committed the accused code violations Defendant Die allowed the proceedings to continue, stated that the conclusions of the investigations were based on misrepresented facts and subsequently denied Plaintiff's appeal.

The Supreme Court has provided that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972). Plaintiff has the right to a fair hearing, which was not provided to him due to Defendants actions.

"The need for flexibility is well illustrated by the significant difference between the failure of a student to meet academic standards and the violation by a student of valid rules of conduct. This difference calls for far less stringent procedural requirements in the case of an academic dismissal." *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78 (1978). As stated in *Bd. Of Curators of Univ. of Mo.*, there is a difference in procedural requirements required when depriving an individual from their protected education based on an individual's own lack of

performance, and the procedural requirements of an individual accused of a code violation. Plaintiff has not been afforded the due process required by UIUC for an alleged code violation, resulting in a deprivation of right to the Plaintiff.

Based on the foregoing, Plaintiff's amended complaint alleges sufficient conduct to constitute the failure of Defendant Die to provide due process to Plaintiff in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss the Amended Complaint in its entirety.

Date: June 6, 2022                                  Respectfully Submitted,

                                                    Keith Altman, Esq. (P81702)
                                                    The Law Office of Keith Altman
                                                    33228 West 12 Mile Road - Suite 375
                                                    Farmington Hills, Michigan 48331
                                                    Telephone: (248) 987-8929
                                                    keithaltman@kaltmanlaw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** *Plaintiff,* v. **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN; RONY DIE (in his official capacity); DOES 1-30 (in their official and personal capacity);** *Defendants.* | **CASE NO. 21-CV-2220** Hon. James E. Shadid Mag. Jonathan E. Hawley |

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, I served Plaintiff's Opposition to Defendant's Motion to Dismiss on all Defendants of record *via* electronic filing.

Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
A*ttorneys for Plaintiff*