E-FILED
Thursday, 18 August, 2022 11:51:27 AM
Clerk, U.S. District Court, ILCD

14,15,APPEAL,CLOSED,REFER

# U.S. District Court
# CENTRAL DISTRICT OF ILLINOIS (Urbana)
# CIVIL DOCKET FOR CASE #: 2:21–cv–02220–JBM–JEH

Malhotra v. University of Illinois at Urbana–Champaign et al
Assigned to: Judge Joe Billy McDade
Referred to: Magistrate Judge Jonathan E. Hawley
Demand: $75,000
Cause: 28:1983 Civil Rights

Date Filed: 08/17/2021
Date Terminated: 07/19/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Rahul Malhotra**                            represented by   **Keith Altman**
                                                               THE LAW OFFICE OF KEITH ALTMAN
                                                               Suite 375
                                                               33228 West 12 Mile Road
                                                               Farmington Hills, MI 48334
                                                               516–456–5885
                                                               Email: keithaltman@kaltmanlaw.com
                                                               *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**University of Illinois at**                 represented by   **Peter G Land**
**Urbana–Champaign**                                           HUSCH BLACKWELL LLP
*Through the Board of Trustees*                                Suite 2200
                                                               120 S Riverside Plaza
                                                               Chicago, IL 60606
                                                               312–526–1631
                                                               Fax: 312–655–1501
                                                               Email: Peter.Land@huschblackwell.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Gwendolyn Baxter Morales**
                                                               HUSCH BLACKWELL LLP
                                                               Suite 2200
                                                               120 S Riverside Plaza
                                                               Chicago, IL 60606
                                                               312–526–1631
                                                               Fax: 312–655–1501
                                                               Email: Gwendolyn.Morales@huschblackwell.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Rony Die**                                  represented by   **Peter G Land**
*In his official and individual capacity*                      (See above for address)
                                                               *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gwendolyn Baxter Morales**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1−30**
*In their official and individual capacity*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/17/2021 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number AILCDC−3736587.), filed by Rahul Malhotra. (Attachments: # 1 Civil Cover Sheet)(Altman, Keith) (Entered: 08/17/2021) |
| 08/29/2021 | 2 | | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Rahul Malhotra. (Altman, Keith) (Entered: 08/29/2021) |
| 10/05/2021 | 3 | | Summons Issued as to University of Illinois at Urbana−Champaign. Copies returned to Plaintiff for service. (BMG) (Entered: 10/05/2021) |
| 10/05/2021 | 4 | | Summons Issued as to Rony Die. Copies returned to Plaintiff for service. (BMG) (Entered: 10/05/2021) |
| 10/12/2021 | 5 | | SUMMONS Returned Executed by Rahul Malhotra. University of Illinois at Urbana−Champaign served on 10/11/2021, answer due 11/1/2021. (Altman, Keith) (Entered: 10/12/2021) |
| 10/12/2021 | | | TEXT ORDER OF RECUSAL entered by Judge Colin Stirling Bruce on 10/12/21. Judge Colin Stirling Bruce disqualifies and recuses himself from participation in this matter pursuant to 28 U.S.C. Section 455. This matter is directed to Chief Judge Sara L. Darrow for reassignment. (TC) (Entered: 10/12/2021) |
| 10/18/2021 | 6 | | AFFIDAVIT of Service for Summons and Complaint served on Rony Die on 10/11/2021, filed by Rahul Malhotra. (Altman, Keith) (Entered: 10/18/2021) |
| 10/29/2021 | 7 | | NOTICE of Appearance of Attorney by Peter G Land on behalf of Rony Die, University of Illinois at Urbana−Champaign (Land, Peter) (Entered: 10/29/2021) |
| 10/29/2021 | 8 | | NOTICE of Appearance of Attorney by Gwendolyn Baxter Morales on behalf of Rony Die, University of Illinois at Urbana−Champaign (Morales, Gwendolyn) (Entered: 10/29/2021) |
| 10/29/2021 | 9 | | MOTION for Extension of Time to File Answer re 1 Complaint by Defendants Rony Die, University of Illinois at Urbana−Champaign. Responses due by 11/12/2021 (Land, Peter) (Entered: 10/29/2021) |
| 11/01/2021 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 11/1/2021. Defendants' Motion for Extension of Time 9 is GRANTED. Defendants' deadline to respond to Plaintiff's Complaint is extended to 12/1/21. (BMG) |

| | | | |
|---|---|---|---|
| | | | (Entered: 11/01/2021) |
| 11/01/2021 | 10 | | ORDER setting Rule 16 Scheduling Conference entered by Magistrate Judge Eric I. Long on 11/1/2021. Rule 16 Scheduling Conference set for 12/6/2021 at 09:45 AM by personal appearance in Courtroom B in Urbana before Magistrate Judge Eric I. Long. See written Order. (BMG) (Entered: 11/01/2021) |
| 11/01/2021 | | | TEXT ORDER OF REASSIGNMENT entered by Chief Judge Sara Darrow on November 1, 2021. This case is reassigned to Judge James E. Shadid and Magistrate Judge Jonathan E. Hawley. (TC) (Entered: 11/01/2021) |
| 11/01/2021 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 11/1/21. Due to recent recusal/reassignment of case, the Rule 16 hearing scheduled before Judge Eric I. Long for 12/6/21 is VACATED. (TC) (Entered: 11/01/2021) |
| 11/02/2021 | 11 | | STANDING ORDER. Entered by Magistrate Judge Jonathan E. Hawley on 11/2/21. (WG) (Entered: 11/02/2021) |
| 12/01/2021 | 12 | | MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* by Defendants Rony Die, University of Illinois at Urbana–Champaign. Responses due by 12/15/2021 (Land, Peter) (Entered: 12/01/2021) |
| 12/01/2021 | 13 | | MEMORANDUM in Support re 12 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* filed by Defendants Rony Die, University of Illinois at Urbana–Champaign. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Land, Peter) (Entered: 12/01/2021) |
| 12/09/2021 | | | Text Order of Recusal entered by Judge James E. Shadid. Judge Shadid disqualifies and recuses himself from participation in this matter pursuant to 28 U.S.C.455(a). This matter is referred to Chief Judge Darrow for reassignment. Entered by Judge James E. Shadid on 12/9/2021. (CG) (Entered: 12/09/2021) |
| 12/09/2021 | | | TEXT ORDER OF REASSIGNMENT entered by Chief Judge Sara Darrow on December 9, 2021. This case is reassigned to Judge Joe Billy McDade for all further proceedings. (HR) (Entered: 12/09/2021) |
| 12/10/2021 | 14 | | STIPULATION re 12 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* by Rahul Malhotra.. (Altman, Keith) (Entered: 12/10/2021) |
| 12/10/2021 | | | TEXT ORDER entered by Judge Joe Billy McDade on 12/10/2021. On the parties' agreement, Plaintiff's deadline to respond to the pending Motion to Dismiss is extended to 1/5/2022. However, the local rules do not permit a reply to a motion to dismiss without leave of court. Additionally, counsel for Plaintiff is advised that the instant Stipulation 14 should have been docketed as a motion for extension of time, not a stipulation. (EWL) (Entered: 12/10/2021) |
| 01/05/2022 | 15 | | STRICKEN PURSUANT TO THE 2/25/22 TEXT ORDER: AMENDED COMPLAINT against Rony Die, Does 1–30, University of Illinois at Urbana–Champaign, filed by Rahul Malhotra.(Altman, Keith) Modified on 2/25/2022 (FDS). (Entered: 01/05/2022) |
| 01/18/2022 | 16 | | MOTION for Extension of Time to File *Response to Plaintiff's Amended Complaint (Unopposed)* by Defendants Rony Die, University of Illinois at Urbana–Champaign. Responses due by 2/1/2022 (Land, Peter) (Entered: 01/18/2022) |

| 01/19/2022 | | | TEXT ORDER granting <u>16</u> unopposed Motion for Extension of Time to File. Dfts Rony Die and University of Illinois at Urbana–Champaign shall answer by 1/28/2022. Entered by Magistrate Judge Jonathan E. Hawley on 1/19/22. (WG) (Entered: 01/19/2022) |
|---|---|---|---|
| 01/28/2022 | <u>17</u> | | MOTION to Dismiss *Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* by Defendants Rony Die, University of Illinois at Urbana–Champaign. Responses due by 2/11/2022 (Land, Peter) (Entered: 01/28/2022) |
| 01/28/2022 | <u>18</u> | | MEMORANDUM *In Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* re <u>17</u> MOTION to Dismiss *Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* by Rony Die, University of Illinois at Urbana–Champaign. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D)(Land, Peter) (Entered: 01/28/2022) |
| 02/01/2022 | <u>19</u> | | Joint MOTION for Extension of Time to File Response/Reply as to <u>17</u> MOTION to Dismiss *Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* by Plaintiff Rahul Malhotra. Responses due by 2/15/2022 (Altman, Keith) (Entered: 02/01/2022) |
| 02/02/2022 | | | TEXT ORDER granting <u>19</u> Motion for Extension of Time to File Response/Reply and finding as moot <u>12</u> Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) entered by Judge Joe Billy McDade on 2/2/2022. Plaintiff's deadline to file a response to the pending Motion to Dismiss <u>17</u> is extended to 3/11/2022. Additionally, the first Motion to Dismiss has been mooted by the filing of the Amended Complaint and the subsequent Motion to Dismiss. (EWL) (Entered: 02/02/2022) |
| 02/25/2022 | <u>20</u> | | MOTION to Strike <u>15</u> Amended Complaint by Plaintiff Rahul Malhotra. Responses due by 3/11/2022 (Altman, Keith) (Entered: 02/25/2022) |
| 02/25/2022 | <u>21</u> | | AMENDED COMPLAINT *CORRECTED* against Rony Die, Does 1–30, University of Illinois at Urbana–Champaign, filed by Rahul Malhotra.(Altman, Keith) (Entered: 02/25/2022) |
| 02/25/2022 | | | TEXT ORDER granting <u>20</u> Motion to Strike entered by Judge Joe Billy McDade on 2/25/2022. (EWL) (Entered: 02/25/2022) |
| 03/03/2022 | <u>22</u> | | RESPONSE to Motion re <u>17</u> MOTION to Dismiss *Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6)* filed by Plaintiff Rahul Malhotra. (Attachments: # <u>1</u> Affidavit Memorandum in Support of Response to Motion)(Altman, Keith) (Entered: 03/03/2022) |
| 03/08/2022 | <u>23</u> | | ORDER entered by Judge Joe Billy McDade on 3/8/22. IT IS ORDERED that the Motion to Dismiss by Defendants Rony Die and University of Illinois at Urbana–Champaign <u>17</u> is GRANTED; Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to terminate Defendants University of Illinois at Urbana–Champaign, through its Board of Trustees, as well as Rony Die and Does 130, in their individual capacities. Plaintiff may file an amended complaint within twenty–one (21) days of the date of this Order; should Plaintiff file an amended complaint, Plaintiff shall summon any defendant(s) in accordance with Federal Rule of Civil Procedure 4, as all the named Defendants in this case have been prejudicially terminated. SEE |

| | | | FULL WRITTEN ORDER. (FDS) (Entered: 03/08/2022) |
|---|---|---|---|
| 03/29/2022 | 24 | | AMENDED COMPLAINT *SECOND AMENDED* against Rony Die, Does 1–30, filed by Rahul Malhotra.(Altman, Keith) (Entered: 03/29/2022) |
| 04/08/2022 | 25 | | MOTION for Extension of Time to File Answer re 24 Amended Complaint by Defendants Rony Die, University of Illinois at Urbana–Champaign. Responses due by 4/22/2022 (Land, Peter) (Entered: 04/08/2022) |
| 04/11/2022 | | | TEXT ORDER granting 25 unopposed Motion for Extension of Time to Answer 24 Second Amended Complaint. Dfts Rony Die and University of Illinois at Urbana–Champaign shall file answer by 4/22/2022. Entered by Magistrate Judge Jonathan E. Hawley on 4/11/22. (WG) (Entered: 04/11/2022) |
| 04/22/2022 | 26 | | MOTION to Dismiss *Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(B)(6)* by Defendants Rony Die, University of Illinois at Urbana–Champaign. Responses due by 5/6/2022 (Land, Peter) (Entered: 04/22/2022) |
| 04/22/2022 | 27 | | MEMORANDUM in Support re 26 MOTION to Dismiss *Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(B)(6)* filed by Defendants Rony Die, University of Illinois at Urbana–Champaign. (Attachments: # 1 Exhibit A – In Support of Motion to Dismiss, # 2 Exhibit B – In Support of Motion to Dismiss, # 3 Exhibit C – In Support of Motion to Dismiss)(Land, Peter) (Entered: 04/22/2022) |
| 04/26/2022 | 28 | | MOTION for Extension of Time to File Response/Reply as to 26 MOTION to Dismiss *Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(B)(6) (Unopposed)* by Plaintiff Rahul Malhotra. Responses due by 5/10/2022 (Altman, Keith) (Entered: 04/26/2022) |
| 04/26/2022 | | | TEXT ORDER granting 28 Motion for Extension of Time to File Response/Reply entered by Judge Joe Billy McDade on 4/26/2022. Plaintiff's response to 26 Defendants' Motion to Dismiss is now due by 6/6/2022. (EWL) (Entered: 04/26/2022) |
| 06/06/2022 | 29 | | RESPONSE to Motion re 26 MOTION to Dismiss *Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(B)(6)* filed by Plaintiff Rahul Malhotra. (Altman, Keith) (Entered: 06/06/2022) |
| 07/19/2022 | 30 | | ORDER entered by Judge Joe Billy McDade on 7/19/22. IT IS ORDERED that the Motion to Dismiss by Defendants Rony Die and University of Illinois at Urbana–Champaign 26 is GRANTED; Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE. The case is TERMINATED. SEE FULL WRITTEN ORDER. (FDS) (Entered: 07/19/2022) |
| 07/20/2022 | 31 | | JUDGMENT IN A CIVIL CASE. (FDS) (Entered: 07/20/2022) |
| 08/18/2022 | 32 | | NOTICE OF APPEAL as to 30 Order on Motion to Dismiss,,, by Rahul Malhotra. Filing fee $ 505, receipt number AILCDC–4008607. (Altman, Keith) (Entered: 08/18/2022) |

E-FILED
Thursday, 18 August, 2022  09:40:43 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** | **CASE NO. 21-CV-2220** |
| *Plaintiff,* | **Hon. James E. Shadid** |
| | **Mag. Jonathan E. Hawley** |
| **v.** | |
| **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, through the Board of Trustees (in their official capacity); RONY DIE (in his personal capacity); DOES 1-30 (in their personal capacity),** | **NOTICE OF APPEAL** |
| *Defendants.* | |

PLEASE TAKE NOTICE, that Plaintiff RUHAL MALHOTRA, appeals an Order of the United States District Court for the Central District of Illinois (Hon. James R. Shadid) dated and entered with the Clerk of the Court on July 19, 2022 (ECF 30).

Date: August 18, 2022

Respectfully Submitted,

Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375

Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **RAHUL MALHOTRA,** | **CASE NO. 21-CV-2220** |
| *Plaintiff,* | **Hon. James E. Shadid**<br>**Mag. Jonathan E. Hawley** |
| **v.** | |
| **UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, through the Board of Trustees (in their official capacity); RONY DIE (in his personal capacity); DOES 1-30 (in their personal capacity),** | **CERTIFICATE OF SERVICE ON NOTICE OF APPEAL** |
| *Defendants.* | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I served Plaintiff's Notice of Appeal on all parties of record *via* electronic filing.

Date: August 18, 2022          Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

E-FILED
Tuesday, 19 July, 2022  02:23:21 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| RAHUL MALHOTRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:21-cv-02220 |
| | ) | |
| UNIVERSITY OF ILLINOIS AT | ) | |
| URBANA-CHAMPAIGN, *through the* | ) | |
| *Board of Trustees*; RONY DIE*, in his* | ) | |
| *official capacity*; & DOES 1–30, *in their* | ) | |
| *official capacities*, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>ORDER</u>

This matter is before the Court on a Motion to Dismiss by Defendants Rony Die and University of Illinois at Urbana-Champaign (UIUC or the University). (Doc. 26). The Motion has been fully briefed and is ripe for review. For the following reasons, the Motion is granted.

## BACKGROUND

Following a party at a fraternity house in which Plaintiff sublet a room, he was charged with multiple violations of the UIUC Student Code. (Doc. 24 at 4–8). These charges led to student disciplinary proceedings, during which Plaintiff was found guilty and suspended for two semesters. (Doc. 24 at 9–11). Plaintiff thereafter brought the instant lawsuit against UIUC; Rony Die, in his official capacity; and other university officials, in their official capacities, alleging a deprivation of procedural due process.

1

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's complaint must contain a "short and plain statement of the claim" sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories; rather, the complaint need only contain enough facts "to present a story that holds together." *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted the essential function of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

On review of a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff. *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (citing *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)). This means "accept[ing] all of the well-pleaded facts as true and 'draw[ing] all reasonable inferences [from those facts] in favor of the plaintiff.'" *Id.* (quoting *Kubiak*, 810 F.3d at 480–81). The court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Bhd. of*

*Teamsters, Loc.* 781, 947 F.3d 464, 469 (7th Cir. 2020). " 'Naked assertions devoid of factual enhancement' [are] insufficient." *Dabbs v. Peoria Cnty. Ill.*, No. 1:16-cv-01463, 2017 WL 3574999, at *2 (C.D. Ill. Jan. 12, 2017) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, 690 F. App'x 416 (7th Cir. 2017)).

### DISCUSSION

Plaintiff's Second Amended Complaint asserts two procedural due process claims: one against UIUC and one against Defendants Die and Does 1–30 in their official capacities[1] (collectively, the Individual Defendants). Plaintiff seeks both injunctive relief and monetary damages. For the following reasons, the Court holds Plaintiff has failed to state a legally cognizable claim.

### I.   Due Process Claim Against UIUC

In his Second Amended Complaint, Plaintiff names UIUC as a defendant after previously conceding the Board of Trustees of the University of Illinois could not be sued under 42 U.S.C. § 1983. Plaintiff's concession was well-founded. "The Board of Trustees, as part of the State, is not a 'person' capable of being sued for damages under § 1983." *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 391 (7th Cir. 2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Haynes v. Ind. Univ.*, 902 F.3d 724, 731 (7th Cir. 2018)).

It is puzzling why Plaintiff would then choose to sue UIUC in the Board of Trustees' stead, as this choice in defendant suffers the same defect. "[A] state

---

[1] Plaintiff's claims against the Individual Defendants in their individual capacities have already been dismissed with prejudice, so Plaintiff was barred from reasserting those claims here.

university is an alter ego of the state, and, under *Will*, a 'State is not a person' under § 1983." *Kaimowitz v. Bd. of Trs. of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991).

Plaintiff's references to *Concilio De Salud Integral De Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10 (1st Cir. 2008), do not assist him. (*See* doc. 29 at 6). First, *Concilio* is a First Circuit case, so its precedential value is limited here. Second, the defendant in *Concilio* was an individual: the secretary of Puerto Rico's Department of Health. *Id.* at 11. It is well-established that state officials may be sued in their official capacities for injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908). But a claim against UIUC—or its Board of Trustees as an entity, for that matter—is not a claim against a state official in their official capacity and cannot arise under § 1983 per *Will*.

Accordingly, Plaintiff's claim against UIUC must be dismissed with prejudice.

## II.  Due Process Claim Against Individual Defendants in Their Official Capacities

There are two familiar elements to any procedural due process claim: first, the claimant must "identify the protected property or liberty interest at stake," and second, the court "must determine what process is due under the circumstances." *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (citing *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003)). Plaintiff alleges both a property interest and a liberty interest in his Second Amended Complaint. Each argument will be addressed in turn.

*(1)    Property Interest*

As stated in the Court's earlier dismissal Order, college students do not have "a stand-alone property interest in an education at a state university." *Id.* To assert a protectable property interest in this context, a student must demonstrate they have "a *legally protected entitlement* to [their] continued education at the university," such as an agreement between the university and student that the student "would be dismissed only for good cause." *Id.* at 773 (emphasis in original).

Plaintiff has not cured any of the errors this Court found in his First Amended Complaint. In fact, save for a few deletions, Plaintiff has resubmitted an *identical* argument as to how he had a cognizable property interest, (*compare* doc. 22-1 at 7–8, *with* doc. 29 at 7–8), followed by a short section wherein Plaintiff asserts "[a] valid contract was entered into. Plaintiff paid the provide[d] for tuition, entitling Plaintiff to continued educational instruction from UIUC." (Doc. 29 at 9). Insofar as Plaintiff is making the same arguments he previously made, this Court will not rearticulate the reasons why they fail.

Plaintiff's new iteration of the argument still misses the point. Showing that Plaintiff entered into a valid contract with the University is not enough. Plaintiff must also "establish that the contract entitled him to the specific right that the university allegedly took": "the right to a continuing education." *Doe v. Purdue Univ.*, 928 F.3d 652, 660 (7th Cir. 2019) (citations omitted). It is not enough to make the conclusory statement that, because a contract existed, Plaintiff was entitled to continued education from the institution. "[T]he student's complaint must be specific

about the source of this implied contract, the exact promises the university made to the student, and promises the student made in return." *Charleston*, 741 F.3d at 773. He must "point to an identifiable contractual promise that the [university] failed to honor." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (citations omitted). Plaintiff has pointed to no new contractual promises and simply asserts the existence of a contractual relationship is enough of a contractual promise to satisfy this requirement. But if the basic contractual relationship between university and student could satisfy this requirement, anyone who was suspended from a university for any reason other than failure to pay tuition would have suffered a deprivation of constitutional property. The Seventh Circuit has disavowed interpreting the requirement this broadly. *See, e.g., Williams v. Wendler*, 530 F.3d 584, 589 (7th Cir. 2008). Because Plaintiff has pointed to no identifiable contractual promise aside from a provision this Court has already rejected as insufficient, Plaintiff has again failed to state a claim as to this count.

   *(2)*   *Liberty Interest*

   Plaintiff also asserts a liberty interest in his Second Amended Complaint. Defendant contends Plaintiff raised a liberty interest in his initial Complaint but then dropped it in his First Amended Complaint before reasserting it here. (Doc. 27 at 8–9). However, it is not clear that Plaintiff *ever* raised a liberty interest before now. His initial complaint did not explicitly provide which of life, liberty, or property he had been denied. (Doc. 1). His First Amended Complaint only explicitly alleged a property interest. (Doc. 21). To that end, when the Court granted Plaintiff leave to

amend, it was only contemplating that Plaintiff would correct factual deficiencies regarding the claim of a property interest. *See* (Doc. 23 at 7) ("[T]he Court will not grant a fourth bite if Plaintiff is unable to cure the deficiencies *identified herein*.") (emphasis added). It did not anticipate Plaintiff would use the opportunity to raise an entirely new claim.

Regardless, Plaintiff alleges he has a "constitutionally protected liberty interest in his freedom to pursue a career as a health care consultant, his chosen occupation," (Doc. 24 at 10), and the Seventh Circuit has recognized a cognizable liberty interest in pursuing the career of one's choice, *see, e.g.*, *Lawson v. Sheriff of Tippecanoe Cnty.*, 725 F.2d 1136, 1138 (7th Cir. 1984) ("The concept of liberty in Fourteenth Amendment jurisprudence has long included the liberty to follow a trade, profession, or other calling."). In order to succeed on this theory, Plaintiff must sufficiently plead the "stigma-plus" test, which "requires [the claimant] to show that the state inflicted reputational damage accompanied by an alteration in legal status that deprived him of a right he previously held." *Doe v. Purdue Univ.*, 928 F.3d 652, 661 (7th Cir. 2019).

Taken as true, the facts in the Second Amended Complaint show Plaintiff satisfies the "plus" portion of this test. In *Purdue*, the court held a change in status from "a full-time student in good standing to one suspended for an academic year" satisfies this requirement. *Id* at 662. This is directly comparable here, where Plaintiff asserts he was a student in good standing prior to the adjudication and finding of guilt by the University; after the hearing, Plaintiff was suspended for two semesters.

Plaintiff, however, stumbles on the "stigma" portion of the test. To show adequate stigmatization, Plaintiff must plead "(1) he was stigmatized by the [defendant's] actions; (2) the stigmatizing information was publicly disclosed; and (3) he suffered a tangible loss of other employment opportunities as a result of the public disclosure." *Dupuy v. Samuels*, 397 F.3d 493, 509 (7th Cir. 2005). While Plaintiff has adequately shown disclosure, he has not demonstrated sufficient stigmatization.

The Seventh Circuit has repeatedly held "only defamatory statements that are disclosed or made public can stigmatize a person." *E.g.*, *id.* at 514. That said, imminent, certain disclosure can suffice in some situations. In *Dupuy*, childcare workers who were accused of child abuse were subject to investigation by the Illinois Department of Children and Family Services (DCFS). *Id.* at 493. At the close of the investigation, if DCFS determined there was credible evidence to support the allegations, the agency would designate the report as "indicated" and would place the report on the State Central Register for a period of five years. *Id.* at 497. By statute, any childcare worker seeking employment had to submit to a background check that "include[d] a check of the central register to determine whether the person has an indicated report against them." *Id.* The court held "[b]ecause a prospective employee's status is disseminated to his potential employer, by operation of state law, during the hiring process, we believe that the plaintiffs have met the publication requirement." *Id.* at 510. This holding tacitly endorsed a constructive dissemination test—that is, where the disclosure of damaging information is certain to occur in any situation where a claimant pursues her chosen occupation, dissemination may be presumed

even if the information has not yet been affirmatively disclosed. *But see Johnson v. Martin*, 943 F.2d 15, 17 (7th Cir. 1991) (holding "potentially stigmatizing information which remains in a discharged employee's personnel file and has not been disseminated beyond the proper chain of command within the police department has not been" disclosed).

The question here, then, is whether Plaintiff has alleged facts more similar to those in *Dupuy* or those in *Johnson*. Plaintiff alleges his "academic record will now reflect that he was dismissed for two semesters" and "this information will invariably be disclosed by defendants to any institution [or employer] Plaintiff will apply to." (Doc. 24 at 14–15). These facts are bareboned and somewhat conclusory, but they are distinguishable from those in *Johnson*. Unlike in *Johnson*, where the damaging information was simply placed in the plaintiff's personnel file and there was only a speculative likelihood the information would be disseminated, here Plaintiff alleges not only that his record will now reflect the disciplinary action that was taken against him but also that UIUC will certainly disclose that information when he applies to graduate schools. (Doc. 24 at 14–15). Plaintiff "intends to pursue a career path that will involve attending graduate school" (doc. 24 at 14–15), and so long as he does, the threat of dissemination is non-speculative. While perhaps Plaintiff should have alleged that graduate universities typically require the disclosure of such records, the fact that these institutions require undergraduate transcripts as part of the

application process is common knowledge.[2] Taking Plaintiff's allegations as true, these facts meet the constructive dissemination test. The damaging information is certain to be disclosed to all graduate institutions to which Plaintiff applies.[3]

Plaintiff has also adequately alleged UIUC, not he, will disclose the information. *Purdue* is instructive on this point. There, the university disclosed damaging information about the plaintiff to the Navy after the plaintiff authorized the university to do so. *Purdue*, 928 F.3d at 661. Because the information was affirmatively disclosed, the court was not required to do the above analysis and focused solely on *who* disclosed the information. Purdue argued, "[b]ecause John permitted the disclosure . . . he cannot complain that Purdue stigmatized him." *Id.* Generally speaking, "the consent of another to the publication of [a] defamatory matter concerning him is a complete defense to his action for defamation." Restatement (Second) of Torts § 583. However, in *Purdue*, the Seventh Circuit determined consent may be overridden when disclosure is "compelled," "certain," and "not self-published." *Purdue*, 928 F.3d at 662. There, because "Purdue, not John, revealed to the Navy that it had found him guilty of sexual violence, and John had a

---

[2] "A court may take judicial notice of an adjudicative fact that is both not subject to reasonable dispute and either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *GE Cap. Corp. v. Lease Resol. Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997) (internal quotation marks omitted).
[3] The same cannot be said for employment in Plaintiff's chosen field. It is not common knowledge whether academic records—as opposed to the fact of graduation or certification—must be tendered to obtain employment in the healthcare consultant field. And Plaintiff has not alleged sufficient facts to allow the Court to make that inference.

legal obligation to authorize the disclosure," the court determined the plaintiff's compelled consent did not constitute a defense to the plaintiff's claim.

Here, Plaintiff will be required to direct UIUC to transmit his transcripts to graduate schools when he applies. This authorization is a condition precedent to admission to the graduate programs that would allow Plaintiff to pursue his chosen career. Therefore, because the disclosure is certain and compulsory, as in *Purdue*, Plaintiff's consent does not defeat his claim. *See also Dupuy*, 397 F.3d at 510 (emphasis in original) (holding where childcare workers were required, "*as a condition of employment*," to authorize employers to conduct a background check which would reveal past child abuse reports, the authorization was compelled and certain and, therefore, not a defense to the workers' claims). Therefore, Plaintiff satisfies the publication requirement of the stigma-plus test.

But this is not enough. Plaintiff must further demonstrate a "tangible loss of . . . employment opportunities." *Dupuy*, 397 F.3d at 509. This can be shown where it is "virtually impossible for him to seek employment in his field of choice," *Purdue*, 928 F.3d at 661, or where the information has "the effect of blacklisting 'the plaintiff from comparable jobs,' " *Doe v. Trs. of Ind. Univ*, 496 F. Supp. 3d 1210, 1218 (S.D. Ind. 2020) (quoting *Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001)). In *Purdue*, this was shown where the plaintiff was expelled from the Navy ROTC program and prohibited from re-enrolling. *Id.* at 663. In *Dupuy*, it was shown where "Illinois law requires prospective employers to consult the central register before hiring an

individual and to notify DCFS in writing of its decision to hire a person who has been indicated as a perpetrator of child abuse or neglect." 397 F.3d at 511.

Plaintiff has not shown that his suspension from UIUC will make it virtually impossible for him to attend graduate school or find employment in the field of his choice. He alleges only that his record will be disclosed to any school or employer to which he applies. (Doc. 24 at 15). But disclosure alone does not satisfy the stigma-plus test. Plaintiff does not suggest he will be prohibited from entering the health care profession nor that his suspension will cause graduate institutions or future employers to subject him to onerous procedural requirements that make admitting or hiring Plaintiff more trouble than it is worth. Worse, the Second Amended Complaint does not even allege it will be particularly difficult for Plaintiff to attend a graduate school or find a job in the field of his choice nor what institutions will do with the damaging information upon receipt. At best, the Court can infer the suspension may make it harder to attain this goal, but this does not "establish the kind of foreclosure of opportunities amounting to a deprivation of liberty." *Bd. of Regents v. Roth*, 408 U.S. 564, 574 n.13 (1972). To meet this standard, Plaintiff needed to allege that the record of his suspension presented a nearly insurmountable obstacle; instead, he has alleged, at best, a setback.

For these reasons, Plaintiff's Complaint remains inadequate despite a second attempt at curing deficiencies. He continues to fail to allege a sufficient factual basis for relief. Even reading the Complaint liberally, the Court can find nothing to suggest Plaintiff could satisfy the legal standard the Seventh Circuit has repeatedly

espoused. Therefore, because Plaintiff was warned that continued submission of legally inadequate complaints would result in dismissal with prejudice, the Court will not afford Plaintiff another bite at the apple. *See, e.g.*, *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052–53 (7th Cir. 2019).

### CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Dismiss by Defendants Rony Die and University of Illinois at Urbana-Champaign (doc. 26) is GRANTED; Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE. The case is TERMINATED.

SO ORDERED.

Entered this 19th day of July 2022.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge

E-FILED
Wednesday, 20 July, 2022  04:01:28 PM
Clerk, U.S. District Court, ILCD

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT
for the
### Central District of Illinois

JUL 2 0 2022

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Rahul Malhotra,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case Number: 21-2220** |
| | ) | |
| **University of Illinois at Urbana-Champaign,** | ) | |
| ***Through the Board of Trustees, Rony Die, In his*** | ) | |
| ***official and individual capacity,* Does 1-30, *In*** | ) | |
| ***their official and individual capacity,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT IN A CIVIL CASE

   **DECISION BY THE COURT**.   This action came before the Court, and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that Plaintiff, Rahul Malhotra, recover nothing on his claims against Defendants, University of Illinois at Urbana-Champaign, Rony Die, and Does 1-30.   This matter is DISMISSED WITH PREJUDICE.

Dated:  7/20/22

                              s/ Shig Yasunaga
                              Shig Yasunaga
                              Clerk, U.S. District Court

JBM/ewl      7/20/2022